## BALLIET v. CASSIDY.

(Circuit Court, D. Oregon. November 8, 1900.)

No. 2,365.

INJUNCTION—GROUNDS—RESTRAINING PUBLICATION OF LIBEL.

A court of equity is without jurisdiction to enjoin the publisher of a newspaper from inserting therein libelous articles against the complainant.

In Equity. On demurrer to bill.

Emmett Callahan and M. A. Butler, for plaintiff.
John M. Gearin, for defendant.

BELLINGER, District Judge. It is alleged in the complaint that the plaintiff is the owner of valuable mining property in Baker county, in this state, and that he has completed plans for the erection of a smelting and quartz milling plant, to cost $1,250,000, and that he was able and had the financial ability to carry out such plans, but that he has been damaged by reason of certain libelous and blackmailing articles published by the defendant in a newspaper called the "Baker City Herald," owned by him, in Baker county. It is alleged that on the 29th day of September, 1900, and each week thereafter for four consecutive publications, the defendant falsely and maliciously caused to be published in his said paper an article of the character mentioned, one of which articles is set out in the complaint. The plaintiff further alleges that the defendant has

made statements that unless the plaintiff pay him certain sums of money he would write unfavorable, malicious, and defamatory articles in his said newspaper against plaintiff and his mining and smelting business, and that on account of these publications plaintiff has been damaged in the sum of $10,000; that the defendant is insolvent; that the defendant will continue to print and circulate malicious and defamatory libels against the plaintiff, thereby injuring him among his neighbors, business associates, and the business world, to his irreparable detriment and damage in his good name, character, financial worth, and business opportunities. The prayer of the complaint is that the defendant be restrained from further publishing or distributing said Baker City Herald in which any article referring to the said plaintiff, either directly or indirectly, in any manner whatsoever, shall appear, and that the plaintiff have judgment against the defendant for the said sum of $10,000 as damages aforesaid. Upon the application of plaintiff for a preliminary injunction, an order to show cause why the injunction should not be granted was made, whereupon the defendant appeared and filed his demurrer to the bill of complaint, upon the ground that the court is without jurisdiction to restrain the publication of a libel.

The decisions in this country are against the jurisdiction of the court to grant the relief prayed for. In Kidd v. Horry (C. C.) 28 Fed. 773, and in Car-Wheel Co. v. Bemis (C. C.) 29 Fed. 95, it is held that the court is without the power to issue an injunction to restrain a libel or slanderous words. Mr. Justice Bradley, in Kidd v. Horry, said:

"The application seems to be altogether a novel one, and is urged principally upon a line of recent English authorities, such as Dixon v. Holden, L. R. 7 Eq. 488; Cattle-Food Co. v. Massam, 14 Ch. Div. 763; Thomas v. Williams, Id. 864; and Loog v. Bean, 26 Ch. Div. 306. An examination of these and other cases relied on convinces us that they depend on certain acts of the parliament of Great Britain, and not on the general principles of equity jurisprudence. * * * But neither the statute law of this country, nor any well-considered judgment of a court, has introduced this new branch of equity into our jurisprudence. There may be a case or two looking that way, but none that we deem of sufficient authority to justify us in assuming the jurisdiction. * * * We do not think that the existence of malice in publishing a libel or uttering slanderous words can make any difference in the jurisdiction of the court. Malice is charged in almost every case of libel, and no cases or authority can be found, we think, independent of statute, in which the power to issue an injunction to restrain a libel or slanderous words has ever been maintained, whether malice was charged or not."

That was a case where an application was made for an injunction restraining the defendant from publishing certain circular letters alleged to be injurious to the patent rights and business of the complainant, and from making and uttering libelous and slanderous statements concerning the business of complainant, or concerning the validity of their letters patent, or of their title thereto. There is nothing to distinguish it from the present case.

In Emack v. Kane (C. C.) 34 Fed. 47, jurisdiction was entertained to restrain an attempted intimidation by one issuing circulars threatening to bring suits for infringements against persons dealing in a competitor's patented article; the bill charging and the proofs

showing that the charges of infringement were not made in good faith, but with malicious intent to injure complainant's business. The court, in its opinion, distinguishes that case from the case of Kidd v. Horry, upon the ground that while the owner of a patent cannot invoke the aid of a court of equity to prevent another person from publishing statements denying the validity of such patent by circulars to the trade or otherwise, yet if, instead of resorting to the courts to obtain redress for alleged infringements, he threatens all who deal in the goods of a competitor with suits for infringement, thereby intimidating such customers from dealing with such competitor and destroying his competitor's business, such acts should fall within the preventive reach of a court of equity. The two cases, as stated in the opinion in the latter case, are widely different. Upon the authority of these cases, it must be held that this court is without jurisdiction to grant the relief prayed for. But, without this, there can be no injunction restraining defendant from publishing generally statements in which reference is made to the plaintiff; and this is what is prayed for. With whatever reason a complainant might ask that the publication of a particular injurious statement be restrained, there is no reason at all in support of a prohibition of publications in general that may be thought to be, or may in fact be, offensive or injurious to the plaintiff. The court cannot assume to supervise the publication of offending newspapers, or otherwise constitute itself a press censor. The demurrer must be sustained, and the bill of complaint dismissed, and it is so ordered.