## FRANCIS & Others *v.* FLINN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Argued April 20, 1886.—Decided May 10, 1886.

A bill in equity which alleges that complainant, a citizen of Florida, is part owner with other parties named, citizens of Louisiana, of a steam pilot-boat, on which are employed branch pilots duly licensed; that respondents had confederated together to destroy said business and property by publications in newspapers, by instituting suits, by seeking injunctions, and in divers other ways; and that they had agreed together not to do business as branch pilots with any persons other than those included in the "confederation" —and which prays for a perpetual injunction to restrain the defendant from interfering with the rights of the complainant, his pilot-boat and his business—furnishes no ground for the interposition of a court of equity, as complainant has adequate remedies at law for each and all the acts complained of.

This was a suit in equity to restrain the defendants [appellants in this court] from doing certain things charged against them intended to injure the plaintiff, and destroy his property and business. The bill alleged that he was a citizen of Florida, and brought the bill against Richard Francis, individually and as agent for others, and W. T. Levine and thirty-seven others, who were named, and who were citizens of Louisiana. It set forth that he was one eighth owner of the steam pilot-boat Mary Lee, a decked vessel of over fifty tons burden; that his interest exceeded the value of $5000; that she was built, and

was manned and equipped, and in all respects fitted for the purposes of a pilot-boat, and for some months had been, and was then used as a pilot-boat at South Pass, known as the jetties, at one of the mouths of the Mississippi River; that by act of Congress of June 1, 1874, the pass, or channel, had been since the beginning of the construction of the jetties under control of the Secretary of War; that the government had caused the obstructions formerly existing in the channel, known as the bar, to be removed; that the pass was subject to no other regulations than those prescribed by the Secretary; that the plaintiff in his business of pilot had, in all respects, conformed to them; that the captain and other officers of his vessel were duly commissioned under the laws of the United States; that certain persons named Pliny Cox, George A. Falconi, and Hiram Follett were on board as branch pilots, and they acted as pilots on vessels inward and outward bound to and from the sea through the South Pass, and, as part owners of the pilot-boat, they were licensed under the laws of the United States as branch pilots for the port of New Orleans; and that as such they were entitled to pilot vessels from the sea to the Mississippi River, and from the river to the sea.

The bill further alleged that, under the laws of the United States relating to the channel known as the jetties, and to the vessels and steamers of the character of the Mary Lee, the plaintiff, as owner, had a right to have the captain and the pilots Cox, Falconi, and Follett protected in the business of piloting through the channel to and from the sea, and was entitled to a decree recognizing his right to render services with his pilot-boat to all vessels to and from the sea through the said pass and channel whenever any one of such branch pilots employed by him should be on board of such vessel, inward and outward bound, drawing more than twelve feet of water; and that any law of Louisiana, or any rules or regulations made by the defendants in contravention of the laws of Congress and the regulations of the Secretary of War, were null and void.

The bill also alleged that the defendants had combined and confederated together for the purpose of destroying the busi-

ness and property of the plaintiff by publications in the newspapers and by divers and sundry suits, and by injunctions, and "in various other and divers ways," and had instituted suit against J. W. Black, George A. Shelton, Hiram Follett, Pliny Cox, and George A. Follett, all of whom were part owners of the Mary Lee, and three of whom were branch pilots for the port of New Orleans.

The bill mentioned three suits thus brought, one in the United States Circuit Court and two in the State courts, and alleged that they were instituted at the instance of the defendants, and that in them they had charged that Black and others were towing vessels drawing more than twelve feet of water through the jetties, without branch pilots of the port of New Orleans; that Follett and Cox were not such branch pilots, but intruders into office; and that Falconi, although a branch pilot, had no right to pilot vessels through the jetties in the service of the owners or agents of the Mary Lee, because of some agreement with the defendants not to act as pilot on any ship or vessel against their interest. The bill also alleged that the defendants had formed themselves into a pretended partnership, and bound themselves not to do any service as branch pilots for the port of New Orleans with any other persons than those mentioned in the said confederation, and that these acts were intended to injure and would injure the plaintiff and make his property worthless unless they were restrained by the court. Then followed a prayer that the defendants be enjoined from interfering with the business of the plaintiff in the use of the pilot-boat, and with its captain, and with Hiram Follett, Pliny Cox, and George A. Falconi, branch pilots of the port of New Orleans, in the exercise of their duty as such while in the service of the plaintiff pending the proceedings, "with a view of preserving from waste and destruction his business and property;" and, after due proceedings had, that the injunction be made perpetual, and a decree be entered adjudging that the association or confederation of the defendants, so far as it was designed to interfere with the rights of the plaintiff, his pilot-boat and business and branch pilots was *contra bonos mores*, and in violation of law and of good order, and that all acts

done in pursuance thereof were null and void, and that the
right of the plaintiff to pursue his occupation and with his pilot-
boat to pilot vessels through the South Pass to and from the
sea be recognized pursuant to the acts of Congress, and for
general relief.

The defendants demurred to the bill on various grounds, and,
among others, that it did not state any sufficient cause for
equitable cognizance or relief in favor of the plaintiff against
them, or either of them. The court overruled the demurrer,
and the defendants' answer and replication having been filed,
proofs were taken and the case heard thereon and on the plead-
ings. An injunction *pendente lite* was granted, and the decree
of the court made the injunction perpetual, from which an
appeal was taken to this court.

*Mr. James R. Beckwith* for appellants.

*Mr. Joseph P. Hornor* for appellee submitted on his brief.

MR. JUSTICE FIELD, after stating the case as above reported,
delivered the opinion of the court.

The bill does not state what the publications were of which
the plaintiff complains, or what the divers suits instigated by
the defendants were other than those mentioned, in which
charges were made as to towing vessels through the pass with-
out pilots, and as to certain persons not being branch pilots, or
contracting not to serve as such. Nor does it state any of the
other. " various and divers ways " in which he is injured by
the defendants.

The whole gist of the complaint is that the defendants do
not treat the plaintiff as having a right to use his vessel as a
pilot-boat, and have publicly so stated, and that some of the
parties mentioned have been subjected to suits for their acts in
piloting. But if this be so, the plaintiff has a full remedy for
his alleged wrongs in the courts of law. They furnish no
ground for the interposition of a court of equity. If the plain-
tiff has a right to pilot vessels with his boat through the pass
and is wrongfully interfered with by the defendants or others,

he can prosecute them for the wrong. If his vessel is arrested in its passage, without lawful warrant, he can bring the defendants before the courts to answer for their conduct. If his pilots are duly licensed, and they are hindered or prevented from the exercise of their business, both he and they have the same means of redress which are afforded to every citizen whose rights are invaded and obstructed. If the publications in the newspapers are false and injurious, he can prosecute the publishers for libel. If a court of equity could interfere and use its remedy of injunction in such cases, it would draw to itself the greater part of the litigation properly belonging to courts of law.

We think the court below should have sustained the demurrer of the defendants for want of equity in the bill. The decree must, therefore, be

*Reversed, and the cause remanded, with instructions to dismiss the bill.*