(18 App. Div. 399.)

DE WICK et al. v. DOBSON.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

INJUNCTION—RESTRAINING PUBLICATION OF LIBEL.
　　An injunction cannot be issued in a libel suit to restrain the publication of the libel.

Appeal from Kings county court.

Action by William H. De Wick and Charles B. Dobson against George C. Dobson. From an order continuing in force during the

pendency of an action a preliminary injunction restraining defendant from continuing to publish or circulate certain articles or advertisements alleged to be false and defamatory publications of and concerning plaintiff, defendant appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Abraham L. Fromme, for appellant.
Arthur L. Knight, for respondents.

WILLARD BARTLETT, J.    This is a libel suit, in which a preliminary injunction has been granted to restrain the further publication of the alleged libels during the pendency of the action.    The litigation appears to be a controversy between rival instructors in a branch of instrumental music, and the matter of which the plaintiffs complain was published as an advertisement in a New York newspaper.    The complaint is in the ordinary form of a complaint in an action at law to recover damages for the publication of a libel, with the addition of an allegation that the defendant intends to continue the publication of the same or like advertisements, and, being wholly irresponsible, will thus inflict great injury upon the plaintiffs.    In their prayer for relief the plaintiffs also ask for an injunction, as well as damages to the amount of $5,000.    The order appealed from is not in accord with the principles of American equity jurisprudence, and is opposed to the weight of judicial authority in this state and country.    The power of courts of equity to interfere by injunction to restrain the publication of a libel affecting either person or property was most fully and carefully considered by the late Mr. Justice Bradley of the supreme court of the United States, while sitting in the circuit court for the Eastern district of Pennsylvania, in the case of Kidd v. Horry, 28 Fed. 773, and his opinion contains a clear and comprehensive review of the whole subject, in which all the more important decisions are examined, and which leaves nothing to add in the way of useful discussion.    He points out that the recent English authorities upholding the practice of issuing injunctions in cases of libel are based upon peculiar acts of parliament, including the judicature act, but declares that "neither the statute law of this country, nor any well-considered judgment of the courts, has introduced this new branch of equity into our jurisprudence."    We fully concur in the conclusion thus stated by Mr. Justice Bradley, which is supported by the New York cases of Brandreth v. Lance, 8 Paige, 24, and Guardian Soc. v. Roosevelt, 7 Daly, 188, as well as by the authorities cited in his opinion from the reports of other states.    This view of the law is fatal to the order of the special term.

Order reversed, with $10 costs and disbursements, and injunction dissolved.    All concur.