A. B. FARQUHAR CO., Limited, v. NATIONAL HARROW CO.

(Circuit Court, D. New Jersey. January 19, 1900.)

INJUNCTION—GROUNDS—THREATENING SUITS FOR INFRINGEMENT OF PATENT.

A court of equity will not enjoin the owner of a patent from sending circulars to customers and agents of the complainant, charging that an article manufactured and sold by complainant infringes such patent, that complainant is not financially responsible, and that the recipients will be subjected to damages and costs if they continue to handle or sell such article, in advance of an adjudication, in a suit brought to determine the question, that the article does not infringe. Such question cannot be adjudicated in the suit for injunction, and until so adjudicated the defendant is within its rights in giving notice of its claims, and its intention to bring suit for their enforcement; and for any false charges contained in the circulars the complainant has a remedy at law, by an action for libel.

This was a suit in equity for an injunction. On demurrer to bill.

Wm. C. Strawbridge and John G. Johnson, for complainant.

Mr. Risley, for defendant.

KIRKPATRICK, District Judge. The complainant herein is a corporation organized under the laws of the state of Pennsylvania, en-

gaged in the manufacture and sale of spring-tooth harrows. The defendant is a corporation organized under the laws of the state of New Jersey, holding by assignment certain patents for improvements in spring-tooth harrows, and granting licenses to various persons to manufacture its patented devices. The complainant does not hold such license, but the product of its factory comes in competition with the goods put upon the market by the defendant's licensees. The bill of complaint alleges that for the purpose of suppressing this competition, and with intent to break up and destroy complainant's harrow business, the defendant is circulating among complainant's customers and agents letters by which they are falsely and maliciously informed that the defendant's patents have been sustained by the courts, that the complainant's harrows are infringements thereon, and that, unless they desist from handling and selling the same, suits will be brought by defendant against them, and they subjected to large costs, which they will be obliged to pay, because of complainant's want of financial responsibility. The bill avers that the patents of defendant have narrow claims, and that complainant's harrows do not infringe thereon; that complainant's business is being ruined and destroyed by defendant's action; and that unless it is restrained the injury will be irreparable. The prayer of the bill is that the defendant be enjoined from writing and publishing, distributing, or circulating any letter or circulars containing intimidating threats of suit against complainant or its customers, or against persons selling or using complainant's harrows under the letters patent alleged to be owned by defendant. Before such an order issues, there must be a judicial ascertainment whether the complainant's harrows are or are not infringements upon any of the patents of which it is said the defendant is the owner. The allegations of invalidity and noninfringement made in the bill are not admitted by the pleadings, nor can those questions be determined in this suit. The falsity of defendant's representations in respect to its patents and complainant's infringement of them will not be presumed. If the defendant has a patent which the complainant or its customers infringe, it is immaterial that it is a corporation composed of several leading manufacturers, termed in the bill a "trust," or that it is charged with attempting to control the price of harrows or suppress competition. The grant of the patent, which carries with it the sole right to manufacture, use, and sell the patented device, of itself stifles competition in that particular line, and creates a monopoly. The patent owner is justified in using all lawful means to protect his monopoly. He may give notice of his rights as he understands them, and of his intention to ask the courts to enforce them in suit to be brought for the purpose. If the defendant's assertions respecting the validity of its patents and the charge of infringement by complainant be true, and not false, it will be well within its rights in giving the notices complained of; and whether they be true or false cannot be made an issue in this suit. As to defendant's alleged false assertions respecting the financial responsibility of complainant, if complainant has been damaged thereby he has his remedy at law. The case is analo-

gous to that of Francis v. Flinn, 118 U. S. 385, 6 Sup. Ct. 1148, 30 L. Ed. 165, which charged the defendants with conspiring to destroy a business by publications in newspapers and other and divers means, and asked injunctive relief. Mr. Justice Field said, "If the publications are false and injurious, he can prosecute publishers for libel;" adding, "If a court of equity could interfere and use its remedy of injunction in such cases, it would draw to itself a greater part of the litigation properly belonging to courts of law." Judgment should be for the defendant, and decree entered dismissing the bill of complaint.