## DITTGEN v. RACINE PAPER GOODS CO.

### (Circuit Court, E. D. Wisconsin. May 1, 1905.)

INJUNCTION—SUBJECTS OF PROTECTION—INJURY TO BUSINESS.

Equity has jurisdiction of a suit to enjoin injury to a manufacturing business by circulating statements that the product is an infringement of patents, and threatening suits for infringement against the manufacturer and his customers, in bad faith, for the sole purpose of injuring his trade, and without intention to sue.

In Equity. On demurrer to bill.

George B. Parkinson, for complainant.
Winkler, Flanders, Bottum & Fawsett, for defendant.

SEAMAN, Circuit Judge. The allegations of the bill state a cause of action clearly within the decisions of the Circuit Courts of Appeals in the Third and Second circuits (Farquhar Co., Limited, v. National Harrow Co., 102 Fed. 714, 42 C. C. A. 600, 49 L. R. A. 755, and Adriance, Platt & Co. v. National Harrow Co., 121 Fed. 827, 58 C. C. A. 163), wherein like allegations were held to state a good cause of action in equity; and in an early case in this circuit (Emack v. Kane [C. C.] 34 Fed. 46) Judge Blodgett sustained a similar bill upon like grounds. On behalf of the demurrant numerous cases in the state courts are cited by counsel upholding the proposition that such courts decline to restrain torts in the nature of libels on business, slanders of title, and the like, several of which are plainly applicable to this bill. They also cite decisions of Circuit Courts of the United States of like effect, including an opinion by Mr. Justice Bradley in Kidd v. Horry (C. C.) 28 Fed. 773, which is strongly in point. I deem it unnecessary to review these authorities, for the reason that the Circuit Court of Appeals opinions above referred to, if not decisive, impress me as upholding the true rule under the trend of modern authorities, and I am of opinion that they should be followed.

The case of Francis v. Flinn, 118 U. S. 385, 388, 6 Sup. Ct. 1148, 30 L. Ed. 165, while upholding the general doctrine for which the defendant contends, is not opposed to the rulings in the above-mentioned cases, and seems to me fairly distinguishable. Jurisdiction in equity is not tested alone by the fact of a remedy existing at law, but, as stated in the early case of City of Georgetown v. Alexandria Canal Co., 12 Pet. 91, 98, 9 L. Ed. 1012, the jurisdiction may be sustained

"upon the principle that equity can give more adequate and complete relief than can be obtained at law," cited in Re Debs, 158 U. S. 587, 15 Sup. Ct. 907, 39 L. Ed. 1092. The line of decisions cited on behalf of the complainant, upholding such jurisdiction in cases of unfair trade and unfair competition, are pertinent and instructive in this view.

I am of opinion that both reason and authority are with the complainant, and that the demurrer must be overruled. It is so ordered, with leave to answer by the next rule day.