C. L. MITCHELL ET AL. V. GRAND LODGE, FREE AND ACCEPTED MASONS OF TEXAS.

Decided June 5, 1909.

**Libel—Injunction.**

 An injunction will not lie to restrain the publication of a libel in Texas.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Jas. D. Crenshaw,* for appellants.—An injuncton will not be granted to restrain the publication of a libel.    Marlin Fire Arms Co. v. Shields, 64 N. E., 163; Francis v. Flinn, 118 U. S., 385; Montgomery, Ward & Co. v. S. D. Retail M. & H. Ass'n, 150 Fed., 413; Christian Hospital v. People, 79 N. E., 74; Pratt Food Co. v. Bird, 112 N. W., 701; 2 High on Injunction (2d ed.), sec. 1015; 18 Ency. of Law, p. 1120; 6 Pomeroy's Equity Jurisprudence, secs. 629-30; Townsend on Slander and Libel (4th ed.), sec. 417a, p. 687.

*Smith & Lattimore,* for appellees.—Revised Statutes of Texas, 1895, article 2989, authorizes the "granting of an injunction when it appears that the party applying therefor is entitled to the relief demanded, and such relief, or any part thereof, requires the restraining of an act prejudicial to the applicant," and the courts hold that injunction will be granted in such case, although the applicant may have an adequate remedy at law, and that it is not necessary to allege that the defendants are insolvent.    Sulivan v. Dooley, 73 S. W., 82; Sumner v. Crawford, 91 Texas, 129.

The rule denying an injunction where there is an adequate remedy at law should not be applied in courts administering both law and equity as rigidly as where the jurisdiction is distinct.    Sumner v. Crawford, 91 Texas, 129; North v. Peters, 138 U. S., 271.

"To protect against constant or frequently recurring injuries, equity has jurisdiction concurrent with courts of law and will enjoin the wrongdoer without regard to his ability to respond in damages, since a single action at law would not furnish an adequate remedy, and a multiplicity of suits can be avoided by proceeding in equity."    Roberts v. Vest (Ala.), 28 So., 412; Galveston, H. & S. A. Ry. v. Tait, 63 Texas, 223; Sullivan v. Dooly, 73 S. W., 82; Railroad v. Seymour, 63 Texas, 347.

"That a corporation may sue for libel on it and libel against its officers and members."    Pennsylvania Iron Works v. Henry Voght Mach. Co., 96 S. W., 551; Washington Gas Light Co. v. Lansden, 172 U. S., 534; Townsend on Libel and Slander, secs. 261-265; Peterson v. Western Union Telegraph Co., 75 Minn., 368; 32 Cent. Digest, sec. 174, and cases there cited.

DUNKLIN, ASSOCIATE JUSTICE.—This suit was instituted by the Grand Lodge, Free and Accepted Masons of Texas for colored people, against C. L. Mitchell and a number of others.    Upon application of plaintiff a writ of temporary injunction was issued restraining the defendants from publishing or distributing certain circulars concerning plaintiff and its officers, and from the order of the judge of the trial court granting said writ defendants have appealed.

Plaintiff alleged that it has been duly chartered under the laws of Texas; that the circulars which defendants had published and would continue to publish if not restrained from so doing, falsely denounced plaintiff as a spurious lodge and its officers as liars and impostors.    In its petition plaintiff further alleged that its object and purpose was to upbuild the negro race, that it is doing much to promote its social and religious development, and that the publications complained of

have already caused a loss of membership to the fraternity and have greatly injured it financially.

Defendants filed numerous exceptions to plaintiff's petition, all of which were overruled. They also filed an answer to the merits of the petition, admitting the publication of the circulars and alleging that the charges made in those circulars were true.

By one of the exceptions to the petition the contention was made that an injunction will not lie to restrain the publication of a libel. In our research we have been unable to find any case decided by the higher courts of Texas in which this question has been discussed, but the correctness of appellant's contention is sustained by the great weight of the decisions of other courts, and we are convinced that this exception to the application for the writ should have been sustained.

"A libel occupies much the same relative position as a crime in considering the remedy of injunction. Equity will not restrain by injunction the threatened publication of a libel, as such, however great the injury to property may appear to be. This is the universal rule in the United States and was formerly the rule in England. The present rule in England *contra* rests on statute." (6 Pom. Eq. Remedies, sec. 629.)

"Upon the question of preventive relief in equity against the publication of libelous statements affecting the character or business of plaintiff, the authorities, both English and American, indicate a noticeable want of uniformity, and are, indeed, wholly irreconcilable. The earlier English doctrine, and that which seems most in accord with the principles governing the jurisdiction of equity by way of injunction, was that the preventive jurisdiction being limited to the protection of property rights which are remediless by the usual course of procedure at law, courts of equity would not restrain the publication of libels or works of a libelous nature, even though such publications were calculated to injure the credit, business or character of the person aggrieved, and that he would be left to pursue his remedy at law." (2 High on Inj., sec. 1015.)

"The courts will, in some cases, interpose by injunction to prevent the perpetration of a wrong, but as a general rule the publication of an alleged libel will not be stayed by injunction." (Townshend on Slander & Libel, 4th ed., sec. 417a.)

"A court of equity has no jurisdiction to restrain a mere libel or slander. Nor does the fact that the false statement may injure plaintiff in his business or as to his property constitute a sufficient ground for an injunction, in the absence of acts of conspiracy, intimidation, or coercion." (2 Cyc., 900, sec. 6.)

See also Francis v. Flinn, 118 U. S., 385; Kidd v. Horry, 28 Fed. Rep., 773; Montgomery, Ward & Co. v. South Dakota Retail Merchants & Hardware Ass'n, 150 Fed. Rep., 413; Pratt Food Co. v. Bird, 112 N. W., 701; Mayer v. Journeymen Stone Cutters' Association, 47 N. J. Eq., 519, 20 Atl., 492; others cases cited in 27 Cent. Dig., secs. 169, columns 1808-9.)

Article 1, section 8, of our State Constitution, reads as follows: "Every person shall be at liberty to speak, write or publish his opinion on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the

press.   In prosecutions for the publication of papers investigating the conduct of officers or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence.   And in all indictments for libels the jury shall have the right to determine the law and facts under the direction of the court, as in other cases."

This constitutional guaranty of liberty of speech furnishes an additional reason for the application in Texas of the general rule that an injuncton will not issue to restrain the publication of a libel.   In some of the cases above cited constitutional provisions substantially the same as the one above quoted are made the sole basis for the denial of the right of injunction in such cases.   Thus in the case of Montgomery, Ward & Co. v. South Dakota Retail Merchants & Hardware Ass'n, *supra,* the following is said:

"Whatever the defendant Mannix has done has been as publisher of the Commercial News, and not as a member of any combination.   As such publisher he is entitled to invoke the constitutional guaranty contained in section 5, article 6, of the Constitution of South Dakota, which, so far as pertinent, is as follows:  'Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right.'   In the jurisprudence of the United States there is no remedy for the abuse of this right conferred by the Constitution except an action at law for damages or a criminal proceeding by indictment or information.   Marlin Fire Arms Company v. Shields, 171 N. Y., 384, 64 N. E., 163, 59 L. R. A., 310; Frances v. Flinn, 118 U. S., 385, 30 L. ed., 165; Kidd v. Horry (C. C.), 28 Fed., 773; Brandreth v. Lance, 8 Paige (N. Y.), 24; Boston Diatite Co. v. Florence Mfg. Co, 114 Mass, 69, 19 Am. Rep., 310; Singer Mfg. Co. v. Domestic S. M. Co., 49 Ga., 70, 15 Am. Rep., 674; Townshend on Slander and Libel, sec. 417a; Odger on Libel and Slander, sec. 13; Owen v. Partridge (Sup.), 82 N. Y. Supp., 249."

For the reasons above noted the order of the judge of the trial court granting the writ of temporary injunction against appellants is reversed and the injunction issued in pursuance thereof is dissolved.

*Reversed and injunction dissolved.*