NATIONAL METAL MOLDING CO. v. TUBULAR WOVEN FABRIC CO.

(Circuit Court of Appeals, First Circuit. October 18, 1916.)

No. 1208.

PATENTS ⬤⟿321—INFRINGEMENT SUITS—CIRCULARS.

    Where a bill seeking to enjoin the infringement of a patent was upheld, and the patentee issued a circular letter to the trade in good faith, the issuance of the letter will not be enjoined, where it expressed the conclusions reached by the court, though it was not wholly accurate, and was rather strongly expressed.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 588, 589; Dec. Dig. ⬤⟿321.]

    Dodge, J., dissenting.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Bill by the National Metal Molding Company against the Tubular Woven Fabric Company. A temporary injunction was granted, and defendant moved to enjoin plaintiff from issuing a circular referring to the decision. From an order enjoining the issuance of the circular, plaintiff appeals. Order reversed.

See, also, 227 Fed. 884, 142 C. C. A. 408.

Carroll L. Perkins and W. K. Richardson, both of Boston, Mass. (Charles F. Perkins, of Boston, Mass., on the brief), for appellant.

William Quinby, of Boston, Mass., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This case was in the nature of supplementary proceedings in reference to the publication of a letter referring to the decision of this court maintaining the bill and restraining its publication. The letter was, perhaps, strongly expressed, and not altogether accurate; but, clearly, we find no occasion to question its good faith, and without doubt it expressed the conclusions we reached, and on the whole we enter the following decree without further comment:

---

The order of the District Court is reversed, and the appellant recovers its costs of appeal.

DODGE, Circuit Judge (dissenting). I think the order of the District Court should be affirmed. Upon the entry of its interlocutory decree and the issuance of its permanent injunction on April 14, 1916, as required by the mandate of this court, the plaintiff had proceeded to send circulars, dated April 20, 1916, to the defendant's customers, announcing the effect of the decree and injunction in language of its own. From a party assuming to follow such a course, I think the District Court, wherein the case was still pending for further proceedings, had the right to require scrupulous care, not only to avoid actual misrepresentation as to the terms of the decree and injunction, but also to avoid conveying any possible misleading impression regarding them. I find no sufficient ground for disagreeing with the view of the District Court, that the language of these circulars was likely to lead to misapprehension of the scope of injunction. Like the circulars before the court in Rollman & Co. v. Universal Hardware Works (D. C.) 229 Fed. 579, they did not state what patent had been sued on, nor which claims had been held infringed, nor in what respect the defendant's structure before the court had been held to infringe. The fact that the defendant had sold its particular form of flexible conduit held to infringe, under its trade-name "Duraduct," when the bill was filed in 1912, and the references there to by that name during the proceedings in the case, seem to me insufficient to warrant any assumption that no form of flexible conduit could ever be lawfully made or sold by the defendant under that name, and therefore insufficient to justify the broad statements in the circulars that further manufacture and sale of Duraduct by the defendant had been enjoined, and that "dealers and makers of Duraduct" would also be liable. There was no mention of Duraduct in the opinion of this court, nor in the decree entered, nor in the injunction issued by the District Court in conformity therewith.

For these reasons I am obliged to dissent.