**DEHYDRO, Inc., v. TRETOLITE CO.**

**No. 661.**

District Court, N. D. Oklahoma.

Nov. 7, 1931.

Preston C. West, of Tulsa, Okl., and Arthur C. Brown, of Kansas City, Mo., for complainant.

Sears Lehmann, of St. Louis, Mo., and Edmund Lashley, Hal F. Rambo, and Russell B. James, all of Tulsa, Okl., for defendant.

KENNAMER, District Judge.

The complainant by its bill seeks to restrain the defendant from circulating letters among the complainant's customers, and making oral statements to such customers, that the complainant's compound infringes letters patent owned or controlled by the defendant, and that the complainant's customers would render themselves liable in damages if they used the complainant's compound. The substance of the complainant's bill is that the defendant in bad faith, by the use of letters and oral statements, is destroying the business of the complainant in depriving it of a large number of its customers. The complainant is engaged in the business of selling to individuals and concerns engaged in producing oil in the state of Oklahoma and adjoining states compounds for the treatment of what is known as "roily," or like oil, for the purpose of separating water from the oil, and the defendant is engaged in like business and is a competitor of complainant.

The defendant has filed a motion to dismiss complainant's bill for insufficiency of facts to constitute a valid cause of action in equity. The contention of counsel for defendant is the court has no jurisdiction to enjoin a libel or slander, and that the allegations of the complainant's bill, construed in their most favorable light, are insufficient to show the complainant entitled to any relief in equity.

It is a well-established rule, in the absence of statutory authority, that courts are without jurisdiction to enjoin a libel or slander. Kidd v. Horry (C. C.) 28 F. 773; Baltimore Car-Wheel Co. v. Bemis (C. C.) 29 F. 95; Citizens' Light, Heat & Power Co. v. Montgomery Light & Water Power Co. (C. C.) 171 F. 553; Montgomery Ward & Co. v. South Dakota Retail Merchants' & Hardware Dealers' Association (C. C.) 150 F. 413; Francis v. Flinn, 118 U. S. 385, 6 S. Ct. 1148, 30 L. Ed. 165; Chamber of Commerce v. Federal Trade Commission (C. C. A.) 13 F. (2d) 673.

I cannot agree with the contention that this is an action to enjoin a libel or slander. The gravamen of the action here is to enjoin the defendant from committing acts constituting unfair competition, and from destroying the business of the complainant. An established business, with the good will thereof, constitutes property, the owner of which may invoke the aid of a court of equity to prevent its unlawful and wrongful destruction, where the legal remedy is inadequate to redress the wrong. If the allegations of the complainant's bill be true, the defendant is wrongfully destroying its business, and the wrong is a continuing one. It would be difficult to ascertain the amount of damages, and impossible to re-establish the business once the destruction be completed. If the remedy at law be invoked, it would result in a multiplicity of suits. Many cases support

the rule that resort may be had in equity to enjoin the sending out of letters or notices threatening complainant's agents and customers with suit for infringement of a patent, where such letters and notices constitute a fraudulent attack upon the property rights of the complainant and in restraint of trade, or in the furtherance of unfair competition. Where the gravamen of the action is to enjoin unfair competition, the question of libel and slander is only incidental to the action, and such an action is not one to enjoin a libel or slander. Farquhar Co. v. National Harrow Co. (C. C. A.) 102 F. 714, 49 L. R. A. 755; Emack v. Kane et al. (C. C.) 34 F. 46; Willis v. O'Connell (D. C.) 231 F. 1004; United States v. Patterson et al. (D. C.) 205 F. 292; Alliance Securities Co. v. De Vilbiss Co. (D. C.) 24 F.(2d) 530; Dittgen v. Racine Paper Goods Co. (C. C.) 164 F. 85; Id. (C. C. A.) 171 F. 631; Celotex Co. v. Insulite Co. (D. C.) 39 F.(2d) 213.

In the case of Maytag Co. v. Meadows Mfg. Co. (C. C. A. 7) 35 F.(2d) 403, 408, the court said: "Equity has jurisdiction of a suit to enjoin substantial and continuing financial injury to a manufacturing business caused by circulating false statements that the product is an infringement of patents, and threatening suits for infringement in bad faith for the purpose of injuring his trade and without intention to sue."

The motion to dismiss should be overruled.