## KUHN v. WARNER BROS. PICTURES, Inc., et al.

District Court, S. D. New York.

June 19, 1939.

Vahan H. Kalenderian, of New York City, for plaintiffs.

R. W. Perkins, of New York City (Stanleigh P. Friedman, of New York City, of counsel), for defendant Warner Bros. Pictures, Inc.

LEIBELL, District Judge.

Fritz J. Kuhn, individually and as President of the German American Bund, an unincorporated association, instituted an action in this Court on May 15, 1939, against Warner Bros. Pictures, Inc., Milton Krims, John Wexley and Leon G. Turrou, in which plaintiffs demand judgment against the defendants as follows:

"(a) For the sum of Five Million ($5,-000,000.00) Dollars, together with the costs and disbursements of this action,

"(b) That this court forever forbid and restrain the use by the defendants of the name, German American Bund in the manner hereinbefore set forth in the complaint, and further

"(c) That the court forbid and restrain the defendants or any other person, parties or individuals, corporate or otherwise, from selling, screening, displaying or exhibiting the picture in the complaint hereinbefore set forth as 'Confessions of a Nazi Spy', * * *."

Only one defendant, Warner Bros. Pictures, Inc., has been served with process herein.

On May 17th plaintiffs obtained an ex parte order requiring the defendant to show cause "why an order should not be granted, enjoining and restraining, pendente lite, the defendants or any person, party or individual, corporate or otherwise, from circulating, publishing, distributing, selling, leasing, licensing, exhibiting, displaying and screening the moving picture known as 'Confessions of a Nazi Spy' in any theatre, home or other places of amusement in the United States and elsewhere."

After several adjournments this motion came on for argument. Answering and replying affidavits have been served and filed. Together with counsel for both sides I viewed a screening of the picture at a small studio of the defendant Warner Bros. Pictures, Inc. I do not think any argument on the facts is necessary, since the application for an injunction herein on the ground that the picture libels plaintiffs must be denied as a matter of law.

Plaintiffs allege that the picture "is a libel against the plaintiff organization, its president and its members", and complain that "The defendants by the said moving picture, have maliciously, recklessly, carelessly, negligently, falsely, purposefully, and without any justification in fact or otherwise, attempted to and do portray to the public, that the German American Bund is a disloyal organization, fostering and/or harboring a wide German espionage system in America; and that its president and members are traitors and spies, who have committed and are committing acts of treason" and that the picture "charges the organization, its president and its members with the crime of treason; questions their loyalty and honesty as citizens, and places them before the public as criminals, a stigma which has not been placed upon them by any court of competent jurisdiction, after due trial and hearing."

The supporting affidavit of Fritz J. Kuhn states further: "that the entire picture is designed to take away from the plaintiffs the full protection which the Constitution and the Bill of Rights accord to them, and the right to live a peaceful life; and will cause the members of the said organization to be thrown out of their jobs and looked upon in suspicion by neighbors and the general public, and that your deponent and the organization itself may suffer serious consequences."

The Kuhn affidavit also lists some fourteen additional accusations which, he contends, the picture levels at the German American Bund, its president and its members. But the charges and counter-charges need not be passed upon in determining the sole question before the Court on this motion. Shall a preliminary injunction issue barring the further exhibition of the picture? The decisions in our State and Federal courts have firmly established the legal principle that no injunction may issue to prevent or stop the publication of a libel. American Malting Co. v. Keitel, 2 Cir., 209 F. 351; Kidd v. Horry, C.C., 28 F. 773; Marlin Firearms Co. v. Shields, 171 N.Y. 384, 64 N.E. 163, 59 L.R.A. 310; De Wick v. Dobson, 18 App.Div. 399, 46 N.Y.S. 390; Brandreth v. Lance, 8 Paige 24, 34 Am.Dec. 368; Francis v. Flinn, 118 U.S. 385, 6 S.Ct. 1148, 30 L.Ed. 165; Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357.

If plaintiffs have been libeled, they have their remedies in a suit for money damages, such as the present action, or in a prosecution of the defendants for criminal libel. It is therefore unnecessary for the Court on this motion to discuss the facts or go into the merits of this case. Those issues will be reserved for the trial of the action.

Motion denied. Submit order on notice.