Ralph E. LAWRENCE, Appellant,

v.

J. B. ATWOOD, Appellee.

No. 6047.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 27, 1956.

Sam Hoover, Pasadena, for appellant.

Carrigan & Smith, Pasadena, for appellee.

ANDERSON, Justice.

The appeal is from an order or judgment of the District Court of Harris County, 133 Judicial District, granting a temporary injunction restraining appellant from displaying the sign that is presently to be mentioned. As was proper in the circumstances, the appeal was originally perfected to the Galveston Court of Civil Appeals, and the case was then transferred to this court by the Supreme Court.

On or about July 15, 1954, appellant Ralph E. Lawrence purchased from appellee J. B. Atwood a house and lot in Pasadena, Texas, to be used as a home for himself and his family. After moving into the house he discovered that the door knobs were faulty and he complained of this to appellee. The knobs were replaced by the manufacturer, without cost to the appellant, but there appears to have been some delay before this was done. Appellant testified that he discovered other things wrong with the house but he did not specify what these were, and the record does not disclose clearly that he made any complaint to appellee about them. Then, some fifteen months after he had purchased the premises, the private sewer line leading from his bathrooms to the main sewer line became stopped up and water backed up and overflowed his two bathrooms. Appellant had the line cleaned out and the connections altered, and, claiming that concrete had been found in the line and that the line had been

improperly installed in the first instance, requested appellee to pay the cost of the repairs, which amounted to $38. Appellee either refused outright to pay for the repairs or else declined to do so until he could investigate the matter—just which is not entirely clear—and on the following day, October 13, 1955, appellant erected in his own yard, in close proximity to his house, and in a position that rendered it clearly visible from two heavily travelled streets, a large sign board, on one side of which there appeared in bold print and by picture the following: "This [a large painting of a lemon followed] Built by J. B. Atwood. Buy an Atwood House And Be Sorry." On the other side of the board, there was this: "For Sale A [another large painting of a lemon] Built by J. B. Atwood."

Appellee Atwood, acting through his attorney, requested appellant to remove the sign. Appellant not only failed to comply with the request, but disclaimed any intention of doing so. Appellee then sued for both actual and exemplary damages, on the theory that the sign was libelous. In the same suit, he sought and was granted the temporary writ of injunction from which this appeal was taken.

Appellee averred in his petition, in substance, that he was a building contractor in Pasadena and customarily derived a large annual income from that business; that the sign was defamatory in nature, was untrue, and had been maliciously erected for the purpose of injuring, defaming and libeling him; that it subjected his good name to question, impugned his reputation for honesty and integrity, and was calculated to make him the object of public hatred, contempt and ridicule; that the sign had injured and would continue to injure him in his business and occupation; that it had caused him financial loss and would prevent him from deriving from his business and occupation the ordinary pecuniary rewards that would otherwise come to him; that it had caused him embarrassment and mental pain and suffering; that appellant could not be made to respond in damages; and that he himself had no adequate remedy at law.

It is undisputed that appellee was engaged in the business of building and selling houses in Pasadena and the surrounding area. He had built and sold some sixty houses in the town itself and had others in process of construction, three or four of the latter being situated on the same street on which appellant's house and the sign were situated. Appellee introduced evidence to the effect that between the time the sign was erected and the date of the hearing—fourteen days—the number of people evidencing interest in houses he had for sale had been far below normal, and he had not succeeded in making any new sales. He himself testified that numerous persons had commented to him about the sign, some in person and others by telephone, and that he had been subjected to much embarrassment. One of his real estate agents also testified that various persons had mentioned the sign to him.

Appellant took the position that the sign correctly reflected his feelings about his house, the appellee, and houses in general that were built by appellee, and from this viewpoint was true. He furthermore testified that he had no intention of removing the sign unless the court ordered him to do so. He said he would not have erected it if appellee had paid the plumbing bill when requested to do so. His testimony with reference to his financial condition disclosed liabilities exceeding his assets.

Appellant has brought forward only two points of alleged error. By the first, he complains of the trial court's action in overruling his motion for judgment, made when appellee (plaintiff below) first rested his case. The second is as follows: "The testimony of the defendant sufficed to show more clearly that judgment should have been rendered when plaintiff rested his case." The motion for judgment advanced virtually all of the contentions appellant is

**300**

making on appeal, and for this reason we set it out in full:

"At this time the defendant moves, plaintiff having rested, for judgment denying plaintiff's application for temporary injunction, because there is no evidence or proof before the court of publication of any libel against plaintiff by defendant, there is no evidence or proof before the court that plaintiff has been damaged in his person, his property or in any natural or contractual right, and further there is no evidence or proof before the court that defendant has, by any act or omission, imputed or sought to impute to defendant any criminal or immoral act, or that defendant has conspired with anyone, or acted in concert with any person or persons to intimidate plaintiff, to extort anything from plaintiff or to coerce plaintiff into doing anything, and further because there has been no evidence or proof of any libel of plaintiff per se, or by imputation, innuendo or connotation; and further because there is before the court no evidence or proof that the sign erected by defendant and made the basis of plaintiff's suit contains any wording or inscription which is libelous per se, by imputation, innuendo or connotation."

■ Appellant was charged in appellee's petition with nothing more, at most, than intentionally, maliciously and continually publishing a civil libel, and with intending to continue such publication. He was not charged with doing this pursuant to a conspiracy, or in an effort to intimidate appellee or to coerce him into doing anything, or for purposes of extortion, nor was he charged with any criminal act whatsoever;

and it may be added that the evidence would not have justified a finding against appellant in either of these respects. The publication was alleged to be a continuing one, it is true, and it was alleged to be causing irreparable injury to appellee's reputation and business, for which injury, according to a further allegation of the petition, appellee had and has no adequate remedy at law; but these allegations did not alter the basic nature of the act that was charged to appellant. We are of the opinion, therefore, that the case is governed by the general rule that a court of equity has no jurisdiction to restrain a mere libel or slander, where no breach of trust or of a contract is shown. Ex parte Tucker, 110 Tex. 335, 220 S.W. 75; Mitchell v. Grand Lodge, Free & Accepted Masons, 56 Tex.Civ.App. 306, 121 S.W. 178; Strang v. Biggers, Tex.Civ.App., 252 S.W. 826; Cannan v. Cerf, Tex.Civ.App., 252 S.W. 827; McMorries v. Hudson Sales Corp., Tex.Civ.App., 233 S.W.2d 938. Neither the fact that publication is being continued or will be continued unless restrained, nor the fact that such continued publication is and will be injurious to the libelled party's business, nor the two together, appear to be sufficient to render the rule inapplicable. 43 C.J.S., Injunctions, 135, p. 681; 28 Am. Jur. 312, Injunctions, sec. 119; Gariepy v. Springer, 318 Ill.App. 523, 48 N.E. 572; Lietzman v. Radio Broadcasting Station W.C.F.L., 282 Ill.App. 203.

■ Appellant's first point is accordingly sustained, the judgment of the trial court is reversed, and the temporary injunction is dissolved.