George E. STRINGFELLOW, Plaintiff-Appellant,

v.

Charles E. HAINES, Defendant-Appellee.

No. 83, Docket 27669.

United States Court of Appeals
Second Circuit.

Argued Nov. 1, 1962.

Decided Nov. 16, 1962.

Roger Hinds, New York City, for plaintiff-appellant.

Charles E. Haines, appellee pro se.

Before CLARK, FRIENDLY and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

This appeal is one of the sequelae of plaintiff-appellant's action for libel begun against the defendant in July, 1956, in the Southern District of New York. After defendant filed a retraction of the alleged libels, which concerned plaintiff's activities as trustee of a college, Judge McGohey, on defendant's consent, entered a judgment in December, 1956, forever enjoining and restraining defendant from uttering or publishing "any of the libels or defamation in said complaint as amended, or any of the statements disclaimed by defendant in said retraction." Four years later plaintiff moved to punish defendant for contempt of the injunction through further publication of the alleged libels. After proceedings which it is unnecessary to detail, Judge Herlands found defendant in contempt, and, as an alternative to commitment on August 11, 1961, accepted defendant's deposit of $5,000 as a bond "for compliance with judgment."

Any tranquility thus secured was of short duration. The instant motion alleges that in February, 1962, defendant sent certain communications, claimed by plaintiff to repeat libels within the scope of the injunction, to the president of a company of which the corporation plaintiff had served as executive vice president is now a subsidiary. The president of the parent passed them on to the president of the subsidiary, who was already familiar with the matter and returned them to plaintiff. The motion sought a declaration of defendant's contempt, forfeiture of the $5,000, payment of the expenses of the litigation, and such further sanctions as would "most effectively and appropriately coerce the defendant into future compliance." Not being convinced that the communications were within the injunction, Judge Dawson denied the motion, saying that if there should be any future violations, the plaintiff might move again. The appeal is from this order of denial. Since the motion was made after the conclusion of the principal action rather than in its course, denial of the motion was a "final decision" and we have jurisdiction under 28 U.S.C. § 1291. International Silver Co. v. Oneida Community, Ltd., 93 F.2d 437, 441 (2 Cir. 1937); see Parker v. United States, 153 F.2d 66, 69, 163 A.L.R. 379 (1 Cir. 1946).

Appellant's principal argument is that Judge Dawson applied too strict a standard in saying he had to be convinced of the violation of the injunction "beyond peradventure of doubt." Appellant says

**912**

this is the test for criminal rather than civil contempt; as to the latter, he argues, it is enough that a plaintiff establish "a violation of the spirit of the injunction, even though its strict letter may not have been disregarded." John B. Stetson Co. v. Stephen L. Stetson Co., 128 F.2d 981, 983 (2 Cir. 1942). Appellant urges that application of what he claims to be the correct standard would bring the communications within the injunction, even if they were not there under a stricter one as he also claims.

■■■ The gap between the quantum of proof required for criminal and for civil contempt is not so wide as appellant urges—naturally not, since an order of civil contempt may also lead to imprisonment. The standards for both types of contempt proceeding were well stated by Judge Hutcheson in Coca-Cola Co. v. Feulner, 7 F.Supp. 364, 365 (S.D.Texas, 1934): In criminal contempt, "no contempt order will issue unless the defendant is proven guilty beyond a reasonable doubt"; in civil contempt, although the reasonable doubt requirement does not prevail, "a bare preponderance of the evidence will not suffice * * *. Proof of violation must be clear and convincing." Accord, Telling v. Bellows-Claude Neon Co., 77 F.2d 584 (6 Cir.), cert. denied, 296 U.S. 594, 56 S.Ct. 108, 80 L.Ed. 420 (1935), and see the cases collected in Moskovitz, Contempt of Injunctions, Civil and Criminal, 43 Colum.L.Rev. 780, 818–819 (1943). Cf. Oriel v. Russell, 278 U.S. 358, 362–363, 49 S.Ct. 173, 73 L.Ed. 419 (1929). Applying Judge Hutcheson's formulation, we still reach Judge Dawson's result. We thus have no occasion to consider whether, if we took a contrary view as to violation of the injunction, affirmance would not still be required because of the questionable propriety of a Federal court's assuming policing functions with respect to utterances of the character here at issue, even with the consent of the parties. See Kuhn v. Warner Bros. Pictures, Inc., 29 F.Supp. 800 (S.D. N.Y.1939).

Affirmed.