68 N.J. Super. 188 (1961)
172 A.2d 26
MAYFAIR FARMS, INC. AND HORN-SALE, INC., PLAINTIFFS,
v.
SOCONY MOBIL OIL COMPANY, INC. AND MOBIL OIL COMPANY, A DIVISION OF SOCONY MOBIL OIL COMPANY, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 5, 1961.
*189 Mr. Walter D. Van Riper argued the cause for the plaintiffs (Messrs. Van Riper & Belmont, attorneys).
Mr. Herbert Ziff argued the cause for the defendants (Messrs. Carey, Knoeppel & Ziff, attorneys).
HERBERT, J.S.C.
The plaintiffs each operate restaurants in West Orange, Essex County. The restaurants are "Mayfair Farms" and "Pal's Cabin." That they are under the same management, or closely related managements, is indicated by the verifying affidavits attached to the complaint and to the amendment to the complaint.
The defendant Socony Mobil Oil Company, Inc. is about to market a book entitled "Mobil Travel Guide" which relates to hotels, motels and restaurants in New Jersey, New York and all of the New England states. This book is printed and ready for market. According to its title page and adjacent pages it has been "researched, edited and published" by Simon and Schuster and the copyright is held by Socony Mobil Oil Company, Inc. The introduction of the publishers on the inside of the front cover suggests a plan to revise annually the listings and ratings given. The book is in paperback form, contains 480 pages and 49 of these are devoted to New Jersey. The paper used appears to be inexpensive and the sales price printed on the cover is $1.
The Mobil Travel Guide gives a rating to the establishments listed in it. The symbols used are as follows:
 "&check;  an unusually good value, relatively inexpensive
 *  better than average
 **  good
 ***  very good
 ****  excellent, worth a special effort to reach
 *****  outstanding  one of the best in the country"
*190 The plaintiff Mayfair Farms is given a rating of two stars, or "good." Pal's Cabin is given a rating of one star, or "better than average." Both plaintiffs complain that their restaurants are rated too low, that the ratings given are unwarranted and unjustified and detrimental to the plaintiffs and their respective businesses. The relief sought is an injunction preventing the defendants from selling or otherwise distributing the Mobil Travel Guide containing the ratings which are alleged to be improper.
The defendant Mobil Oil Company has been joined because it is the channel, allegedly, through which distribution of the Guide will be made.
On June 2 argument was heard on the plaintiffs' application for an interlocutory injunction and on the defendants' motion to dismiss the complaint. It is obvious that a prompt decision as to an injunction is of great importance to the defendants, who plan to launch at once, if not enjoined, a widespread campaign of advertising and selling, a campaign which will be timed for the commencement of the summer touring season.
After considering carefully, within the limits of the available time, the problems presented, I conclude that the plaintiffs' application for an interlocutory injunction should be denied.
The allegations in the complaint (prior to the filing of an amendment to the complaint, to be mentioned later) which may be said to charge the defendants with inequitable conduct are these:
The basis for the rating given to a particular restaurant is not explained in the Guide (complaint, par. 6);
Any rating below three stars, or "very good," reflects upon the character, quality and service of the place rated and will have a natural tendency to send prospective patrons to places with higher ratings (par. 7);
The plaintiffs' restaurants are entitled to higher ratings than those given to them (par. 8);
*191 The plaintiffs have no knowledge that factual information was checked with them in accordance with the rating routine as described in the introduction to the Guide (par. 9);
The plaintiffs have no knowledge that any of the four well-known writers on restaurants, named in the Guide as the consulting committee, has ever visited Mayfair Farms or Pal's Cabin (par. 10).
The defendants in response to the verified complaint have filed an affidavit of Marion Stevens stating that she and her husband are the field directors for the production of the manuscript of the Mobil Travel Guide; that on August 20, 1960 a field representative of the Guide called at Mayfair Farms, where he interviewed Mr. Langley and obtained the latter's signature on an inspection form which had been filled out to record a considerable amount of factual data concerning the restaurant; that on the same day the same field representative called at Pal's Cabin where a similar form was filled out after Mr. Roninger of the restaurant staff had been interviewed, though Mr. Roninger did not sign the form. The affidavit of Mrs. Stevens also says that before the Guide was printed she sent to both plaintiffs a copy of the manuscript of the proposed listing, but there is no claim that this mailing bore the star ratings which were ultimately included in the printed book.
Beyond describing the gathering of factual data by the field representative, the Stevens affidavit gives little specific detail about what was done as a basis for rating the two restaurants. It does, however, in paragraph 4 make these general comments:
"Ratings are based on carefully chosen factors and determined in a final conference of experts. They are never casual. At least five opinions are always applied. In rating restaurants, quality of food, excellence of kitchen management, elegance of decor, excellence of service, attitude of the management, and other points are considered."
And in paragraph 8, with particular reference to plaintiffs' restaurants:
*192 "After these inspection forms were received from the field representative, the information contained therein was supplemented by cross checks personally by me and others whose identity, of necessity, is not disclosed."
At the argument on June 2 the plaintiffs filed an amendment to their complaint, as they were entitled to do under R.R. 4:15-1. This amendment adds some allegations which should be noted. They charge that:
The defendants, when they rated the restaurants were in possession of information clearly demonstrating that they were entitled to the highest rating, but proceeded falsely, arbitrarily and intentionally toward a publication of a rating far below the one which should have been given (pars. 12 and 13);
The arbitrary and unwarranted action of the defendants in rating the restaurants will damage their established reputation as restaurants of the highest quality, and is a breach of the defendants' responsibility to the public (par. 14);
The defendants having undertaken for profit to inform the public as to the rating and standards of restaurants, are required to do so "thoroughly and honestly" on the basis of information in their possession and any other rating such as that assigned to the plaintiffs' restaurants would be false and deceiving and misleading to the public (par. 15); This amendment to the complaint was also verified, but the defendants did not ask for an opportunity to file any additional affidavits and chose to rest upon their affidavits prepared before the service of the amendment.
I conclude that the differences between the parties are basically differences of judgment or opinion. The plaintiffs say that their restaurants are entitled by performance and reputation to the highest rating, or at least higher ratings than those given; that, therefore, the defendants are wrong and should be enjoined from circulating their errors by selling the Guide. There is no claim of any mistake of tangible fact, such as a wrong street address, incorrect statement of hours of opening and closing or the like. The ultimate *193 error complained of is only in the ratings. And if the plaintiffs are convinced they deserve three stars or better and the defendants (through their editorial group) that two stars for Mayfair and one star for Pal's are enough, those are matters of judgment and opinion on which the court should not try to say that either party is right or wrong.
Although the defendants' affidavits do not state that anyone ever did or did not dine at either one of the plaintiffs' restaurants for the purpose of establishing a rating to use in the Mobil Travel Guide, Mrs. Stevens' affidavit does show to my satisfaction, and without contradiction, that a rating procedure was followed in good faith to arrive at the ratings in question. If others, including the plaintiffs, would give different ratings, that is not a sufficient basis for granting an interlocutory injunction.
The proprietor of a restaurant exposes it to public criticism. It may come from one who writes professionally about eating places or from an ordinary patron who merely talks to his friends. In the absence of fraud, malicious misrepresentation, willful disregard or indifference to the facts  in short, considerably more than a difference of opinion  I do not conceive that such criticism would be actionable. Even assuming that this is a field in which a publication might be enjoined in a proper case, no basis for interlocutory relief has been established here.
Although the discussion to this point has accepted the plaintiffs' point of view that a two-star rating or a one-star rating can be derogatory, it should be noted that the Mobil Travel Guide recommends all of the establishments listed in it. None are disapproved, although some are more highly recommended than others. The defendants argue that praise (i.e. a recommendation) cannot under any circumstances be actionable. Some doubt may be expressed about that as a universal proposition. Damning with faint praise can be an effective way of damning. In the present case, in spite of the form of the Guide's listings and even if it be assumed that regular patrons, prospective patrons and other professional *194 critics in the restaurant field would in general rate Mayfair Farms and Pal's Cabin higher than the defendants have done, I find on all the papers before me nothing except a difference of judgment or opinion, and hold that the plaintiffs are not entitled to an interlocutory injunction against the expression of the defendants' point of view.
New Jersey has for many years subscribed to the principle that an interlocutory injunction should not issue if a plaintiff's asserted rights are not clear as a matter of law. Citizens Coach Co. v. Camden Horse R.R. Co., 29 N.J. Eq. 299 (E. & A. 1878); General Electric Co. v. Gem Vacuum Stores, 36 N.J. Super. 234 (App. Div. 1955); Noble v. D. Van Nostrand Co., 63 N.J. Super. 534, 540 (Ch. Div. 1960). The defendants argue that the plaintiffs have no right at all to equitable relief for published statements about their restaurants even though it be assumed that such statements are libelous or slanderous. And the defendants cite Voltube Corp. v. B. & C. Insulation Products, Inc., 20 N.J. Super. 250 (Ch. Div. 1951) which so holds. That case and the authorities cited in it furnish the basis for the motion to dismiss the complaint. In the face of those authorities it cannot be said that the plaintiffs' asserted rights to equitable relief would be clear as a matter of law even though all the factual allegations of the complaint as amended were admitted by the defendants. This is an additional reason for refusing an interlocutory injunction.
Another factor against the granting of an interlocutory injunction in this case has been considered. It is described very well in 4 Restatement, Torts in the comments under section 943, at page 726:
"Moreover, when a court enjoins a libellous statement in a publication, it frequently, in effect, suppresses the rest of the document. Even if one passage is false and of no value to the public, the result of the injunction may be to deprive the public of much more extensive material which is of great value."
The defendants have had printed and now propose to distribute a thick book which they obviously think will be very *195 useful to motorists. It lists hundreds of places to stay and to eat. The entries concerning the plaintiffs' restaurants occupy a small part of only one page.
The motion to dismiss was addressed to the original complaint, before the amendment was filed. The ground is the alleged failure to state a cause of action upon which relief can be granted. As noted, Voltube Corp. v. B. & C. Insulation Products, Inc., supra, and the cases there cited are the authorities relied upon. But those decisions were criticised, at least indirectly, by Judge Clapp in General Electric Co. v. Gem Vacuum Stores, supra. (See 36 N.J. Super., at p. 237, where authorities are collected.) Counsel for the plaintiffs have also cited some authorities which support the proposition that equity has the power to grant relief by injunction against disparagement of a business: 24 Cornell L.Q. 252, 255 (1938-1939) (a note); Davis v. New England Railway Publishing Company, 203 Mass. 470, 89 N.E. 565, 25 L.R.A., N.S., 1024 (Mass. Sup. Jud. Ct. 1909); Burke Transit Co. v. Queen City Coach Co., 228 N.C. 768; 47 S.E.2d 297 (Sup. Ct. 1948); Defuniak  Handbook of Modern Equity, page 116; Clark on Equity, page 351.
The sweeping proposition of the Voltube case that no injunction is ever to be granted against the circulation of slanders or libels against the business of a plaintiff should be, in my view, re-examined carefully. The better rule appears to be that the power to enjoin exists and can be used in a proper case. No consideration can be given, of course, to the defendants' affidavits on the motion to dismiss and the complaint as amended must be accepted at its full face value. There are allegations, which for the purposes of ruling on defendants' motion must be taken as admitted, that the defendants are in possession of information that the two restaurants are of the highest type and caliber and entitled to be given the highest ratings, that despite such information the defendants falsely, arbitrarily and intentionally have proceeded for publication purposes to rate the *196 restaurants at a level far below that at which the facts required them to be placed, and that all this will damage the plaintiffs and deceive the public. These allegations and the views expressed at the head of this paragraph about the applicable law lead to the conclusion that the motion to dismiss the complaint, based on the ground that it fails to state a cause of action upon which relief can be granted, should be denied, and I so hold.