THE WARREN HOUSE COMPANY, Etc. *v.*
HANDWERGER et al.

[No. 409, September Term, 1964.]

*Decided October 14, 1965.*

*Joseph P. Rieger,* with whom was *Joseph W. Spector* on the brief, for the appellant.

*Alfred Gilbert Scholle* for Arthur Isaacs, one of the appellees.

No brief and no appearance for the other appellees.

HORNEY, J., delivered the opinion of the Court.

The several questions presented by this appeal involve the problem of whether a court of equity, in the absence of a showing of acts of conspiracy, coercion or intimidation, should exercise jurisdiction to grant an injunction to prohibit the disparagement of business and property rights. We think not.

The plaintiff-appellant is the Warren House Company, a body corporate, trading as the Warren House Motor Hotel, which conducts a motor inn and shopping arcade in Pikesville. The defendants-appellees are Irvin L. Handwerger and six other individuals.

The appellant filed a bill in equity against the appellees seeking to enjoin them from uttering alleged false and malicious statements about the business of the appellant. Each of the appellees demurred to the bill of complaint and the chancellor sustained the demurrers without leave to amend. The appeal is from the judgment for costs entered on the sustensions.

The bill alleged that the appellees had made certain vile, vicious and slanderous statements attacking the good reputation of the appellant and that such statements were false and were made with intent to injure it. The bill further alleged that the slanderous statements were made in the presence of other persons and that the appellant has no adequate remedy at law to protect its property rights. But the bill did not allege the existence of a conspiracy, or other concerted effort, between the individual appellees to injure the business of the appellant.

In *Prucha v. Weiss,* 233 Md. 479, 197 A. 2d 253 (1964), where we had occasion to deny injunctive relief and damages

for alleged past and prospective false and malicious preelection statements because equity, in the absence of independent grounds of equitable jurisdiction, lacked power to issue an injunction restraining the publication of defamatory matter, it was said that the primary reasons for the reluctance of equity to extend its jurisdiction so as to grant injunctive relief in a case such as that seems to be the fear that to grant such relief would violate, not only the constitutional rights of freedom of speech and press and trial by jury, but also the traditional limitation of equitable jurisdiction to the protection of property rights. We did not say, however, nor did the latter statement mean, as the appellant supposes, that equity will assume jurisdiction in every case in which injury to business or property rights is involved. On the contrary, the prevailing rule in other jurisdictions is that equity will not exercise its jurisdiction to restrain false statements disparaging business or property rights where no other wrong, such as conspiracy, coercion or intimidation, is shown as a basis for the injunctive relief sought. See 28 Am. Jur. *Injunctions* § 134; 43 C.J.S. *Injunctions* § 135. See also the annotations in 148 A.L.R. 853 and 47 A.L.R.2d 715.

In *Nann v. Raimist*, 255 N. Y. 307, 174 N. E. 690 (1931), a leading case in this area, where injunctive relief with respect to false and malicious statements was limited to one prohibiting a false announcement, Judge Cardozo, after stating that "the remedy [an injunction against words] when so applied is an exceptional one at best, and is to be reserved for those cases where the exigency is clear," went on to say, at p. 317:

> "Equity does not intervene to restrain the publication of words on a mere showing of their falsity. [Citing Marlin Firearms Co. v. Shields, 171 N. Y. 384, 64 N. E. 163.] It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident."

This rule was restated by the New York Court of Appeals in a later case, *Advance Music Corp. v. American Tobacco Co.*,

268 App. Div. 707, 53 N. Y. S. 2d 337 (1945). For other cases in line with *Nann v. Raimist, supra,* see *Mayfair Farms v. Socony Mobil Oil Co.,* 172 A. 2d 26 (N. J. Super. 1961); *Lawrence v. Atwood,* 295 S. W. 2d 298 (Tex. Civ. App. 1956); and *Carter v. Knapp Motor Co.,* 11 So. 2d 383 (Ala. 1943).

In the case at bar the appellant did not allege a situation entitling it to injunctive relief against the alleged disparagement of its business. In fact the bill as drawn does no more than assert a claim for unspecified damages. Moreover, inasmuch as it was not alleged that the "gossipers" had conspired between themselves to injure the business of the appellant, and there was no request for permission to amend, the chancellor properly sustained the demurrers without leave to amend, and we so hold. Not only was there no allegation of a conspiracy to defame, but it was frankly conceded as doubtful that any conspiratorial action could be proven or even truthfully alleged.

With respect to the other alleged grounds for relief, it is true that equity has power to grant an injunction in order to prevent a multiplicity of suits, but that remedy was as readily available at law as in equity under Maryland Rule 313 permitting the joinder of parties and claims involving the same subject matter. Moreover, the appellant, under Rules BF40-BF43, could have claimed an injunction as ancillary relief in an action at law for damages.

*Judgment affirmed; appellant to pay the costs.*