BALTIMORE CAR-WHEEL Co. and others *v.* BEMIS and others.

*(Circuit Court, D. Massachusetts.* November 24, 1886.)

PATENTS FOR INVENTIONS—LIBEL—INJUNCTION.
    There is no jurisdiction in the United States courts of equity to enjoin a libel on the rights or title of an owner of letters patent.

*Benjamin Price* and *William C. Williamson,* for complainants.
*Benjamin F. Thurston* and *Wilmarth H. Thurston,* for respondents.
Heard by COLT and CARPENTER, JJ.

CARPENTER, J. This bill alleges that the complainants are the owners of and licensees under certain letters patent for cars and car axle boxes, and that the respondents have falsely and maliciously published statements and written letters to the effect that the complainants have failed in a suit for infringement of said letters patent brought against the respondents; that the axle boxes and gear manufactured by the complainants are infringements of certain other letters patents owned by the respondents; and that suits are about to be brought by the respondents, on account of such infringement, against the complainants, and those who shall purchase and use their axle boxes and gears. The bill further alleges that, by reason of the said false statements, those who desire to purchase and use the apparatus made and sold by the complainants are deterred from so doing through fear of litigation, and the business of the complainants is thereby injured; and prays for an injunction. To this bill respondents demur.

We think the demurrer is well founded. There is no jurisdiction in a court of equity to enjoin libel on the rights or title of the complainant. We understand this to be the settled law both in England and in this country, in the absence of statutory provisions conferring such jurisdiction. The question is so fully and clearly discussed in the leading decisions that we do no more than cite them. *Prudential Assur. Co.* v. *Knott,* L. R. 10 Ch. 142; *Boston Diatile Co.* v. *Florence Manuf'g Co.,* 114 Mass. 69; *Kidd* v. *Horry,* 28 Fed. Rep. 773.