**Thomas Jerry GENTRY, Petitioner,**

v.

**Charlie Mae GENTRY, Respondent.**

**No. 12559.**

Court of Civil Appeals of Texas, Austin.

April 20, 1977.

John H. Akin, Pearce, Smith & Akin, Austin, for petitioner.

Bobby R. Taylor, Austin, for respondent.

PHILLIPS, Chief Justice.

This is an application for writ of error from a default judgment taken in a divorce case. Petitioner maintains in his first point that the trial court erred in entering a default judgment because the citation with the officer's return thereon had not been on file with the clerk of the court for the ten-day period required by Tex.R.Civ.P. 107 and 239.

We sustain the point and reverse the judgment and remand the cause for trial.

Respondent filed suit for divorce on February 11, 1976. Petitioner was served with citation by the sheriff on February 28, 1976, at Texas Department of Corrections at Huntsville, where he was incarcerated.

The return of the citation served on petitioner was filed with the clerk of the court on April 23, 1976. Judgment by default was granted respondent on the same day.

Texas R.Civ.P. 239 provides in part that a judgment may be taken by default "provided that the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107." Texas R.Civ.P. 107 provides in part that "No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

Since the default judgment was granted respondent on the day that the return of citation upon petitioner was filed with the clerk of the court, the majority of the Court are of the view that the judgment was granted in contravention of the provisions of Rules 239 and 107, and that the judgment must be reversed and the cause remanded.

As authority for our holding we note that, although decided on another point, *Johnson v. Johnson*, 476 S.W.2d 954 (Tex. Civ.App.1972, no writ), indicates that a default judgment entered in a divorce action in contravention of Rule 107, but where the trial court had jurisdiction over the person of the defendant and the subject matter of

the suit (as here), is not void but is erroneous and is subject to being set aside by a direct attack such as by writ of error.

*Citizens National Bank in Ennis v. Hart*, 321 S.W.2d 319 (Tex.Civ.App.1959, writ ref.), although not a divorce case, holds that compliance with Rule 107 is mandatory where a default judgment was obtained in a garnishment proceeding. Also see: *Woodall v. Lansford*, 254 S.W.2d 540 (Tex.Civ. App.1953, no writ); *First National Bank of Fabens v. Pacific Cotton Agency*, 329 S.W.2d 504 (Tex.Civ.App.1959, no writ).

We cannot agree with respondent's contention that the comments in 7 Texas Bar Journal 15 (1944) and 8 Texas Bar Journal 39 (1945) are in any way persuasive here. Those comments pertain to waiver of service and acceptance of service. Petitioner did not sign a waiver of service, nor did he agree to accept service.

The judgment is reversed and the cause is remanded for new trial.