**PETE SINGH PRODUCE, INC.,**
Appellant,

v.

**Antonio MACIAS, Appellee.**

**No. 6987.**

Court of Civil Appeals of Texas,
El Paso.

Nov. 19, 1980.

Bruce J. Ponder, El Paso, for appellant.

George A. McAlmon, Jr. and Jesus B. Ochoa, El Paso, for appellee.

OPINION

OSBORN, Justice.

Pete Singh Produce, Inc., appeals from a default judgment obtained by Antonio Macias, Jr., who had been involved in a vehicle accident with a truck owned by the Appellant corporation. Finding that service on the corporation was defective, we reverse and remand for a new trial.

Mr. Macias filed suit against Pete Singh Produce, Inc., and its driver, Oscar Quintana, alleging negligence on the part of the driver in the course and scope of his employment for the corporation, which proximately caused the damages alleged in the petition. The citations originally issued to "OSCAR QUINTANA" and to "FERNANDO SINGH PETE SINGH PRODUCE INC." were returned unserved. A new citation was then issued to "FERNANDO SINGH 7540 North Loop El Paso, Texas" or "CARLOS SINGH 7556 North Loop El Paso, Texas," and it was filed with the Sheriff's Return reflecting service on "Fernando Singh" on November 15, 1978.

On November 30, 1979, a default judgment was entered against Pete Singh Produce, Inc., with a recital of service upon a duly authorized officer of the corporation. The original petition had alleged that Fernando Singh was the registered agent for the corporation, but not that he was an officer of the corporation. Since the original judgment did not dispose of the cause of action against Oscar Quintana, it was not a final judgment.

On January 24, 1980, Pete Singh Produce, Inc., filed a motion to set aside the interlocutory default judgment. Within a few days, counsel for Mr. Macias filed a motion to dismiss the suit against Oscar Quintana and it was granted. Pete Singh Produce, Inc., then filed a motion for new trial, and perfected this appeal.

The first point of error asserts the trial Court was without jurisdiction to render judgment against the corporate defendant because there was no valid service upon this party. We agree. No citation was ever issued that was directed to Pete Singh Produce, Inc. The citation which was served upon Fernando Singh was directed to him personally, not the corporation, and it did not even seek service upon him as an agent or officer of the corporation. This Court passed upon the same basic question in *Stafford Construction Company, Inc. v. Martin*, 531 S.W.2d 667 (Tex.Civ.App.–El Paso 1975, no writ). In that case, the citation was directed to "Robert H. Stafford Registered Agent for Stafford Construction Company, Inc.," and the default judgment was reversed because of the defective citation which directed the agent to appear and file answer rather than the corporate defendant. In that opinion, we noted many cases where citation had been directed to an agent for a company, rather than being directed to the company by serving a named person as an agent or officer. In each of the cases cited in that opinion, service was found to be defective and insufficient to support a default judgment. Also see: *Firman Leather Goods Corporation v. McDonald & Shaw*, 217 S.W.2d 137 (Tex. Civ.App.–El Paso 1948, no writ).

In this case, the facts are even weaker since the citation did not even reflect that service was had upon Fernando Singh as an agent for Pete Singh Produce, Inc. The citation served upon him was directed to him individually. Rule 101, Tex.R.Civ.P., is explicit in providing that citation "shall be directed to the defendant." The citation in this case did not command the corporate defendant which had been sued to appear and answer, and the trial Court never acquired jurisdiction over Pete Singh Produce, Inc. "For decades the Texas Courts have followed without serious reconsideration the doctrine that virtually any deviation from the statutory requisites of a citation will destroy a default judgment on appeal or writ of error." 4 McDonald, Texas Civil Practice sec. 17.23.2 (1971). We sustain Point of Error Number One.

It is not necessary to pass upon the other points of error. The judgment of the trial Court is reversed, and the case is remanded to the trial Court.