EXPOSITION APARTMENTS COMPANY, d/b/a Brittany Apartments, Petitioner,

v.

Joe BARBA, et al., Respondents.

No. 13512.

Court of Appeals of Texas, Austin.

March 3, 1982.

John H. Bennett, Jr., Gilpin, Maynard, Parsons, Pohl, & Bennett, Houston, for petitioner.

Lynn Sanders, Austin, for Joe Barba.

Richel Rivers, Hilgers, Watkins & Kazen, Austin, Atty. for Manfred Kerschke.

POWERS, Justice.

We review, by writ of error, a default judgment entered in the County Court at Law Number Two of Travis County, Texas, against "Exposition Apartments Company, d/b/a Brittany Apartments." The petitioner, Exposition Apartments Company, is a limited partnership under California law and qualified to do business in Texas. The controlling issue is whether the record reflects the trial court had acquired personal jurisdiction over petitioner before judgment was rendered. Respondents, Joe Barba and Manfred Kerschke, contend jurisdiction was acquired by service of citation in the manner allowed by Tex.Rev.Civ.Stat.Ann. art. 5236b(1).[1]   Petitioner contends the record

---

1. Article 5236b(1) provides as follows:

    In any lawsuit by a tenant founded on an oral or written rental agreement for a residential dwelling or in any lawsuit to enforce a legal obligation of the owner in his capacity as landlord, the owner's management company, on-premise manager, or rent collector serving such dwelling unit shall automatically [sic] be the owner's authorized agent for service of process unless the owner's name and business street address has been furnished in writing to the tenant.

    We assume, without deciding, that Mr. Barba's suit was one founded on a rental agreement or one to enforce a legal obligation of petitioner, in his capacity as landlord. The general thrust of it seems to be an action in tort, and not one to enforce a positive undertaking required by statute or contract.

    Petitioner's brief contends, without challenge by respondents, that petitioner never owned the "Brittany Apartments" as claimed in Mr. Barba's petition; that petitioner never conducted business under that trade name; that Mr. Barba was never a tenant in property owned by petitioner; that adjacent to petitioner's apartment house at 7200 Duval in Austin, Texas, was an apartment house known as the "Brittany Apartments," owned by other persons; that the two apartment houses had the same mana-

does not reflect compliance with the statute.

Mr. Barba's petition, upon which judgment was rendered, alleges he moved into the "Brittany Apartments" in April, 1980, under an oral agreement which included an agreement by the landlord's agent to make certain minor repairs. Continuing, the petition avers Mr. Barba withheld the agreed rental for three months because the repairs were not made, whereupon the landlord's agent wrongfully seized and retained certain articles of personal property belonging to Mr. Barba, for which he claims damages.

The petition names "Exposition Apartments Company, d/b/a Brittany Apartments" as the sole defendant, alleging the defendant "owns and operates the Brittany Apartments in Austin, Travis County, Texas. . . ." The petition directs citation upon the defendant "by serving [sic] its apartment manager, Mr. Thompson, at the Management Office, 7200 Duval, Austin, Travis County, Texas."

The citation is contained in the record and reveals that it was issued September 29, 1980, to "Exposition Apartments Company dba Brittany Apartments." The constable's return states in relevant part as follows:

Executed at 7200 Duval, within the County of Travis, . . . on the 1 day of October, 1980, by delivering to the within named Exposition Apts. Co. dba Brittany Apartments by delivering to Mr. Thompson, Manager each [sic], in person, a true copy of this citation together with the accompanying copy of the petition. . . .

ger, Mr. Tommy Thompson; and that Mr. Barba resided in the "Brittany Apartments." We may take these statements to be true. Tex.R. Civ.P. 419.

After petitioner failed to appear and answer in the trial court, the court entered judgment for Mr. Barba for a total amount comprised as follows: $225.00 for one month's rent; $350.00 for attorney's fees; $300.00 for loss of use; $1,800.00 for the value of the property seized; and $1,000.00 for punitive damages. The judgment allows an off-set equal to three months' rent which Mr. Barba did not pay. The judgment was executed by the constable's sale of the apartments owned by petitioner. Mr.

The judgment was signed by the trial judge on October 28, 1980, and recites that the cause came on for hearing and that "Defendant Exposition Apartments Company d/b/a Brittany Apartments wholly [failed] to answer or otherwise appear despite citation on October 1, 1980." The judgment does not expressly recite that the defendant was duly served with citation, only that the defendant failed to appear despite "citation." We must look to the record to determine if the trial court acquired jurisdiction as a result of due citation and service. *Pipkin v. Kaufman & Runge,* 62 Tex. 545 (1884).

█ Because petitioner seeks appellate review by writ of error, contending an absence of personal jurisdiction due to a defect in citation and its service, the precise question before us is whether the record, on its face, shows affirmatively a strict compliance with any statutes and rules by which such jurisdiction may be acquired. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex.1973); *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934 (1935). No presumptions exist in favor of default judgments which are directly attacked, as in the present case. *McKanna v. Edgar, supra.* Strict compliance may not be shown by extrinsic evidence. *Graves v. Robertson,* 22 Tex. 130 (1858); *Hurd v. D. E. Goldsmith Chemical Metal Corp.,* 600 S.W.2d 345 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ); 2 McDonald, *Texas Civil Practice* § 9.17 (1970).[2]

Manfred Kerschke, a respondent here, purchased the apartments at the constable's sale.

2. Tex.R.Civ.P. 107 requires that the officer executing citations "shall state . . . the manner of service. . . ." Where the manner of service is not clear from the face of the return, "it is an easy matter for the parties interested, before asking the courts to render judgment by default, to look to the return; and if it be not in proper form, in almost every case, the officer who made the return can be brought into court to amend it." *Graves v. Robertson, supra,* at 133. That the exact manner of service should be stated in the return, and that it should show affirmatively strict compliance with any relevant rule and statute, is not so great a burden

■ Evidently conceding that respondents rely upon the manner of service allowed by article 5236b(1), petitioner contends that Mr. Barba's petition, citation, and return are defective in two respects apparent on the face of the instruments: (1) they refer only to "Mr. Thompson, Manager," omitting Mr. Thompson's first name or other identifying name; and (2) they refer to Mr. Thompson only as a "manager" and not as the "on-premise manager," the precise term used in article 5236b(1).

We note the surname of a defendant is not sufficient when standing alone to allow a presumption that the person receiving the citation is the person fully named therein; and, the return in such case is not sufficient to support the judgment. *Brown v. Robertson*, 28 Tex. 555 (1866) (holding delivery of citation to "Mrs. Brown" to be insufficient to show jurisdiction over Parmelia Brown, to whom it was directed). Because article 5236b(1) allows for a manner of service one step removed from personal service, that is, by delivery of the citation to a person designated not by the defendant but by statute to be an authorized agent for service of process, we believe strict compliance requires *a fortiori* another identifying name to accompany the surname of the agent. We hold, therefore, that delivery of citation to Mr. Tommy Thompson, petitioner's on-premise manager, may not be inferred from the face of the return which states citation was delivered to "Mr. Thompson."

We hold, in addition, that the simple description of "manager" following the name of "Mr. Thompson," does not constitute strict compliance with the statute, which allows for delivery of citation only to the owner's "management company, on-premise manager, or rent collector." *See Alpha Guard, Inc. v. Callahan Chemical Co.*, 568 S.W.2d 448 (Tex.Civ.App.—Austin 1978, no writ) holding fatal the omission of the word "foreign" from plaintiff's petition, where he invoked the manner of service on "foreign corporations" authorized by Tex. Rev.Civ.Stat.Ann. art. 2031b(2)(6); *Holcomb & Hoke Manufacturing Co. v. Amason*, 2 S.W.2d 360 (Tex.Civ.App.—San Antonio 1927, no writ) (finding error in the failure of the plaintiff to allege that the "agent," to whom plaintiff directed delivery of citation, was a "local agent, a travelling agent, or travelling salesman" of the defendant corporation, those being the kinds of "agent" authorized by the pertinent statute to receive delivery of citation).

But respondents contend they need not resort to extrinsic evidence because the designation of "manager" was sufficient when considered with the fact that article 5236b(1) mentions no other kind of manager than an "on-premise manager." This is nothing more than an argument against the doctrine of strict compliance, from which we are not free to depart. *Brown v. Robertson, supra; Roberts v. Stockslager*, 4 Tex. 307 (1849).

■ We observe the petition, the citation and the return do not expressly invoke, nor even mention, article 5236b(1), nor do the citation and return designate "Exposition Apartments Company" as the owner of the "Brittany Apartments," though the petition does. Extrinsic evidence would no doubt show that the form of these instruments created a doubt about the defendant in-

---

upon the plaintiff where any error or defect may be so easily cured by amendment and where the consequences of a mistake are so great, as illustrated by the present case.

Respondents contend the manager, Mr. Thompson, negligently failed to direct the citation to the petitioner after receiving it, which negligence and the consequent failure of petitioner to answer may be imputed to petitioner, who employed Mr. Thompson. Under the unchallenged allegations of petitioner, however, Mr. Thompson was manager of both adjoining apartment houses, each having different owners. He directed the citation to the owners of the property where Mr. Barba *had been* a tenant—the property known as the "Brittany Apartments" and so described in Mr. Barba's petition—despite the mistake of Mr. Barba in naming the wrong person as defendant. It would be incongruous to fault petitioner in such a case and not hold respondents to strict compliance with the rules, statutes and decisions relating to the issuance, service and return of citation. Moreover, it is not obvious that Mr. Thompson acted unreasonably in the ambiguous circumstances created by Mr. Barba's mistaken allegations.

tended to be sued and were misleading because they required the authorized agent to give governing effect either to the trade name or to the owner's name, in circumstances where he could not give effect to both and where he knew the tenant lived in the "Brittany Apartments" owned by other persons. Thus, even if extrinsic evidence were allowed to support the proposition that "Mr. Thompson" was in truth Mr. Tommy Thompson and that he was petitioner's "on-premise manager," the entirety of such evidence would result in voiding the citation relied upon by respondents as conferring jurisdiction.

We reverse the judgment of the trial court because it is void for want of personal jurisdiction over the petitioner shown on the face of the record. The cause is remanded to the district court for further proceedings consistent with this opinion.