ACCEPTED
01-14-01028-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 1:59:32 PM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
# FIRST DISTRICT

301 Fannin St, Houston, TX, 77002

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/4/2015 1:59:32 PM

CHRISTOPHER A. PRINE
Clerk

———————————————

1st COA Case No. 01-14-01028-CV
(Oral Argument Waived)

Originating Court Case No.   2014-63727

———————————————

## BROWSERWEB MEDIA AGENCY
Appellant

v.

## MAXUS ENERGY CORPORATION
Appellee

———————————————

## APPELLANT'S BRIEF

———————————————

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), appellant presents the following list of all parties and names and addresses of its counsel:

| **Appellant/Plaintiff:** | **Counsel:** |
|---|---|
| Browserweb Media Agency, Mark Burke | Mark Burke<br>46 Kingwood Greens Dr.,<br>Kingwood, TX, 77339<br>Email: mark@browserweb.com |

| **Appellee/Defendant:** | **Counsel:** |
|---|---|
| Maxus Energy Corporation | J Benjamin Bireley<br>Texas State Bar No. 24076086<br>GIBBS & BRUNS LLP<br>1100 Louisiana Street<br>Houston, Texas 77002<br>Email:<br>bbireley@gibbsbruns.com |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...........................................................2

TABLE OF CONTENTS...........................................................................3

TABLE OF AUTHORITIES .......................................................................4

STATEMENT OF THE CASE......................................................................10

- Collecting a Debt in Texas Courts ................................................. 10

- Exhibit 501 ....................................................................... 12

- Background on AAA's Unconstitutional Order........................................ 12

- The Appointment of Gibbs & Bruns................................................. 13

- Browserweb –v- Maxus Litigation(s) .............................................. 14

- AAA Arbitrator James McConn ..................................................... 15

- The First Amendment and Injunctions ............................................. 16

- AAA and FAA...................................................................... 18

- Standard of Review............................................................... 19

ISSUES PRESENTED............................................................................21

STATEMENT OF FACTS & ARGUMENT ..............................................................22

- Common Law and the UCC.......................................................... 22

- The Errors ...................................................................... 24

- Defects in Service ....................................................................... 28

- Defective Citation ...................................................................... 29

- Defective Return ........................................................................ 29

- Error on the Face of the Record ................................................. 33

- Want of Jurisdiction .................................................................. 33

- Lack of Standing ....................................................................... 34

- The Default Judgment is Void ................................................... 36

PRAYER ...........................................................................................37

CERTIFICATE OF SERVICE ............................................................38

WORD COUNT CERTIFICATE OF COMPLIANCE..............................38

EXHIBIT 501 ....................................................................................39

## TABLE OF AUTHORITIES

**Cases**

*Abbott v. Law Office of Patrick J. Mulligan*, 440 Fed. Appx. 612, 620 (10th Cir. 2011)

*All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 725
(Tex. App.—Fort Worth 2003, no pet.)

*Armendariz v. Barragan*, 143 S.W.3d 853, 856 (Tex. App.—El Paso 2004, no pet.)

*Baltimore Car-Wheel Co. v. Bemis* (C. C.) 29 F. 95

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)

*Carmona v. Bunzi Dist.*, 76 S.W.3d 566, 569 (Tex. App.—Corpus Christi 2002, no pet.)

*Chamber of Commerce v. Federal Trade Commission* (C. C. A.) 13 F. (2d) 673

*Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 Fed. Appx. 415, 419 (6th Cir. 2008)

*Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009)

*Citizens' Light, Heat & Power Co. v. Montgomery Light & Water Power Co.* (C. C.) 171 F. 553

*City of Houston v. Williams*, No. 09-0770, 2011 WL 923980, at *3 (Tex. Mar. 18, 2011)

*City of Mont Belvieu v. Enter. Prod. Operating, LP*, 222 S.W.3d 515, 518 (Tex. App.—Houston [14th Dist.] 2007, no pet.)

*Dailey v. Superior Court of City & County of San Francisco*, 112 Cal. 94, 98 (1896) (California constitution)

*DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008)

*Davis v. Jefferies*, 764 S.W.2d 559 (Tex. 1989)

*Dewan v. Walia*, --- F. App'x ---, 2013 WL 5781207, at *1 (4th Cir. Oct. 28, 2013)

*De La Fuente v. Castillo*, 740 S.W.2d 113, 114 (Tex. App.—San Antonio 1987, writ denied)

*Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999)

*Eggert v. Gaitan*, No. 11-06-00117-CV, 2007 WL 2505630, at *1-2 (Tex. App.—Eastland Sept. 6, 2007, pet. denied)

*Exposition Apartments Co. v. Barba*, 630 S.W.2d 462, 464 (Tex. App.—Austin 1982, no writ)

*Faggett v. Hargrove*, 921 S.W.2d 274, 277-78 (Tex. App.—Houston [1st Dist.] 1995, no writ)

*Fazio v. Newman*, 113 S.W.3d 747, 749 (Tex. App.—Eastland 2003, pet. denied)

*Francis v. Flinn*, 118 U. S. 385, 6 S. Ct. 1148, 30 L. Ed. 165

*Gentry v. Gentry*, 550 S.W.2d 167 (Tex. Civ. App.—Austin 1977, no writ)

*Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65-66 (Tex. App.—San Antonio 1989, writ denied)

*GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied)

*Hamilton Partners Limited v Singer*, 290 AD2d 316, 316

*Harrell v. Mexico Cattle Co.*, 73 Tex. 612, 11 S.W. 863, 865 (1889)

*HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 281 (Tex. App.—San Antonio 1990, no writ)

*Heintz v. Jenkins*, 514 U.S. 291 (1995)

*Hubicki v. Festina*, 226 S.W.2d 405, 408 (Tex. 2007)

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255-56 (Tex. 2009)

*Inv. Ideas, Inc. v. Ellkay, LLC*, No. 13-10-208-CV, 2010 WL 4657953, at *2-3(Tex. App.—Corpus Christi-Edinburg Nov. 18, 2010, no pet.)

*Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

*Jefferies v. Davis*, 759 S.W.2d 6, 7 (Tex. App.—Corpus Christi 1988)

*Kidd v. Horry* (C. C.) 28 F. 773

*Life Ass'n of Am. v. Boogher*, 3 Mo. App. 173, 180 (1876) (Missouri constitution)

*Livanos v. Livanos*, 333 S.W.3d 868, 875 (Tex. App.—Houston [14th Dist.] 2010, no pet.)

*Mansell v. Ins. Co. of the West*, 203 S.W.3d 499, 501-02 (Tex. App.— Houston [14th Dist.] 2006, no pet.)

*McKanna v. Edgar*, 388 S.W.2d 927, 928-29 (Tex. 1965)

*Meisels v Uhr*, 79 NY2d 526, 536

*Montgomery Ward & Co. v. South Dakota Retail Merchants' & Hardware Dealers' Association* (C. C.) 150 F. 413

*Mulvey v. Mobil Producing Tex. & N.M., Inc.*, 147 S.W.3d 594, 600 (Tex. App.— Corpus Christi 2004, pet. denied)

*Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 252 (Tex. App.—Dallas 2005, no pet.)

*Near v. Minnesota*, 283 U.S. 697 (1931)

*NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, Plaintiffs, v. OCCIDENTAL CHEMICAL CORPORATION, TIERRA SOLUTIONS, INC., MAXUS ENERGY CORPORATION, REPSOL YPF, S.A., YPF, S.A., YPF HOLDINGS, INC., and CLH HOLDINGS, INC.*, Defendants in The Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L9868-05 (PASR)

*OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 735 (Tex. App.-Dallas 2007, pet. denied)

*Papapietro v Pollack & Kotler*, [*2]9 AD3d 419, 420)

*Pete Singh Produce. Inc. v. Macias*, 608 S.W.2d 822, 823(Tex. Civ. App.—El

Paso 1980, no writ)

*Pharmakinetics Laboratories, Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ)

*Ramirez v. Consolidated HGM Corp.*, 124 S.W.3d 914, 916 (Tex. App.—Amarillo 2004, no pet.)

*Ramos-Santiago v. United Parcel Serv.*, 524 F.3d 120, 124 (1st Cir. 2008)

*Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.)

*SCI Tex. Funeral Servs., Inc. v. Hijar*, 214 S.W.3d 148, 153 (Tex. App.—El Paso 2007, pet. denied)

*Seeley v. KCI USA, Inc.*, 100 S.W.3d 276, 277-78 (Tex. App.—San Antonio 2002)

*Seib v. Bekker*, 964 S.W.2d 25, 28 (Tex. App.—Tyler 1997, no pet.)

*Shamrock Oil Co. v. Gulf Coast Natural Gas, Inc.*, 68 S.W.3d 737, 739 (Tex. App.—Houston [14th Dist. 2001, pet. denied)

*State v. Judge of Civil Dist. Court*, 34 La. Ann. 741, 746 (1882) (U.S. and Louisiana constitutions)

*T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 340 (2d Cir. 2010)

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993)

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)

*Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1984) (per curiam)

*Wachovia Securities, LLC v. Brand*, 671 F.3d 472 (4th Cir. 2012)

*Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W.2d 61, 64 (Tex. App.—

Amarillo 1992, no writ)

*Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d 840, 841

*Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.)

*Whitney v. L. & L. RealtyCorp.*, 500 S.W.2d 94, 95 (Tex. 1973)

*Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex. 2001)

*Williams v. Williams*, 150 S.W.3d 436, 443 (Tex. App.—Austin 2004, pet. denied)

*Wilson v.Dunn*, 800 S.W.2d 833, 836, 837 (Tex. 1990)

*World Envtl., L.L.C. v. Wolfpack Envtl., L.L.C.*, No. 01-08-00561, 2009 WL 618697, at *2-3 (Tex. App.—Houston [1st Dist.] Mar. 12, 2009, no pet.)

*Zaragoza v. De La Paz Morales*, 616 S.W.2d 295, 296 (Tex. Civ. App.—Eastland 1981, writ ref'd n.r.e.)

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA)

Fed. R. Civ. Proc. 12(b)(1)

TEX. R. CIV. P. 107

UCC 1-308

## STATEMENT OF THE CASE

**Collecting a Debt in Texas Courts**

This case revolves around an alleged collection of a debt law suit by the Appellees and their debt collecting attorneys.[1]  The Federal Truth in Lending Act provides that any party to a Contract may rescind his consent, within three business days of entering into such a Contract.  In this case, there is no Citation or return of service on file per the Clerk's Record (CR) as required by TEX. R. CIV. P. 107.

What is actually on the record is the Appellants rejection of the Offer to Contract, per The Federal Truth in Lending Act and UCC 1-308 (*see page 371-372 of CR*).

For clarification and the avoidance of doubt, the Appellant picked up a bundle of papers that were left at his residence's front door at some point over the weekend of 8th or 9th of November, 2014.

---

[1] Beginning in 1995, when the Supreme Court issued Heintz v. Jenkins, 514 U.S. 291 (1995), lawyers have known that if they seek to collect consumer debts for clients – even when doing so through litigation – they might qualify as a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA).

These papers were in fact the law suit documents filed by Maxus in the lower court to recover on an alleged debt which is denied by the Appellant. (see *CR*). Apparently there had been a Sheriff Officer at the residence trying to serve Browserweb / Mark Burke, and that officer left the papers open and on the ground at the front door. Mark Burke picked up the documents from the ground and without a Sheriff Officer in sight, brought the papers inside for review. After reading the documents, the Appellant moved swiftly and aware of the 72 hour return requirement rejecting the offer to Contract, took these papers to a Notary Public in Kingwood on Monday morning, November 10th, 2014. He paid the fee for the Notary[2] to watch him invoke his common law rights as per UCC 1-308[3], which states quite clearly;

"I DO NOT ACCEPT THIS OFFER TO CONTRACT AND I DO NOT CONSENT TO THESE PROCEEDINGS – MARK STEPHEN BURKE, UCC1-308, 10TH NOVEMBER 2014.

---

[2] The Notary is actually a Deputy Secretary of State and is more powerful than the Court Clerk
[3] 1-308. Performance or Acceptance Under Reservation of Rights.

This Notarized rejection was submitted to the lower court and this is the only document filed by the Clerk *(see CR pages 371-372).*

**Exhibit 501**

Furthermore, if you review enclosed *Exhibit 501*, this is the online screenshot of the lower court in reference to the Citation. As you can see the "Served" date is shown as Saturday 8th November, 2014. However, there is no signed Citation online or in the CR that indicates Browserweb and / or Mark Burke signed or accepted service by a Sheriff Officer on the said date.

Furthermore, this screenshot has two blank fields, namely "Returned Date" and "Received by Clerk". Hence, without a valid Return or Citation on file, this service is defective and the default judgment is void and should be set aside per Texas law.

**Background on AAA's Unconstitutional Order**

The alleged debt is as a result of a contractual dispute between Maxus and Browserweb. Maxus went to the American Arbitration Association (AAA) to seek resolution to the dispute. Maxus had breached Browserweb's Contract by failing to

pay for works completed and not giving 30 days notice.  Instead, "they" (Tierra, part of YPF / Maxus) had by deception constructively dismissed Browserweb by hiring another Media Agency to redesign the website without telling Browserweb, while Browserweb was actively employed, working on the website(s).  Indeed, Maxus denied this new Web Agency appointment (Howell Creative Group) until Mark Burke provided evidentiary proof at the oral hearing with the Arbitrator and Bireley representing Maxus.  A very cut and dried Breach of Contract case.

**The Appointment of Gibbs & Bruns**

Long story short, Maxus went aggressive and "legal" very quickly, and despite attempts by Mark Burke to reach out to senior management at Maxus to resolve the matter in a timely fashion, that failed.  Maxus and Gibbs & Bruns decided that Browserweb would be its next litigant.

What is also of interest in this ongoing legal dispute is the fact that when Mark Burke questioned the Attorneys for Maxus legal fees with the AAA, as Gibbs & Bruns statements were issued frequently, yet despite accruing $12,982.87 in fees as per statement (*See CR, Exhibit A, page 145*), Maxus had not made a single payment to account, according to these statements (See *CR, Exhibit A, pages 135-147*).

This would show the Appellant this case was a lawyer working on a contingency fee basis, where the attorneys would incur the legal costs and only get paid on a "win and recovery" basis. It is another reason they are debt collecting lawyers in this case and their trial approach reflects that's their only goal, to "win and collect" no matter the impact on a small business owner who merely wanted 30 days notice and paid for the remainder of his contract and services, in this small contractual dispute.

**Browserweb –v- Maxus Litigation(s)**

Browserweb has never been in litigation with any client and has been in business since 2003 with an exemplary record and zero law suits, until Maxus.

The same accolade cannot be afforded to Maxus, YPF and Tierra, who are constantly in the adversity system. However, when Browserweb cited law suits like the pollution of the NJ river which the Appellees agreed to settle for appx $130 **million** dollars after a 5 year plus fight through the court system, (see NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, Plaintiffs, v. OCCIDENTAL CHEMICAL CORPORATION, TIERRA SOLUTIONS, INC., MAXUS ENERGY

CORPORATION, REPSOL YPF, S.A., YPF, S.A., YPF HOLDINGS, INC., and CLH HOLDINGS, INC., Defendants in The Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L9868-05 (PASR) ) according to AAA and Maxus, Browserweb is being slanderous, libelous and defamatory. This despite the fact its right there on Google search being cited by everyone and every institution[4].

**AAA Arbitrator James McConn**

Mr. James McConn was the appointed AAA arbitrator in this arbitration case. He was so completely biased in his AAA ruling that even the Appellee's attorney's recognized this part of the award could derail their attempts to confirm the award in the lower court and moved to confirm only part of the 'Award' *(See CR Exhibit L)*.

As background, after two failed prior attempts to find an Arbitrator due to "conflicts of interest", Browserweb gave Maxus attorney, Mr. Bireley, the option to name a preferred Arbitrator from a new list provided by AAA. McConn was chosen by Bireley and Browserweb agreed, in order to expedite the proceedings, which had been stalled due to failure to find an independent Arbitrator. Unfortunately,

---

[4] Example; See Gov. Chris Christie Press Release -
http://www.nj.gov/dep/newsrel/2013/13_0114.htm

McConn, being an active lawyer in the Oil, Gas and Energy business proved to be so prejudiced, that would come back to haunt the Appellant. (see *CR, pages 348 – 349*). There were many red flags during arbitration, but a close winner would be the refusal to remove this part of the Order;

*"I further ORDER that Browserweb and its CEO, Mark Burke, not disparage YPF Holdings Inc.; Maxus; Tierra Solutions Inc. or any of their officers, directors, shareholders or representatives in the future."*

He then went on to state in his follow up letter when Maxus asked for this to be removed from the Award; *"I find no reason to modify the Award and the Award will stand".* (See *CR Exhibit M)*

**The First Amendment and Injunctions**

Arbitrator McConn thinks that over 230 plus years of the First Amendment should be rewritten by his own executive ORDER, however, the law rejects his uneducated opinion:-

"Injunctions Are Unconstitutional as a Remedy in Defamation Cases"

"….. never in the 216 year history of the First Amendment has the Supreme Court found it necessary to uphold a prior restraint in a defamation case or any other" *(citing Erwin Chemerinsky, Law Professor, Injunctions in Defamation Cases)*[5]

Long before the U.S. Supreme Court struck down its first speech injunction in *Near v. Minnesota, 283 U.S. 697 (1931)*, several state courts had already held that that an injunction directed at defamatory speech violated the federal Constitution or their state constitution: see, *e.g., Life Ass'n of Am. v. Boogher, 3 Mo. App. 173, 180 (1876) (Missouri constitution); State v. Judge of Civil Dist. Court, 34 La. Ann. 741, 746 (1882) (U.S. and Louisiana constitutions); Dailey v. Superior Court of City & County of San Francisco, 112 Cal. 94, 98 (1896)* (California constitution).

The courts and / or the AAA, does not have jurisdiction to enjoin a libel or slander in this case. Equity has no jurisdiction to enjoin defamation. It is a well-established rule, in the absence of statutory authority, that courts are without jurisdiction to enjoin a libel or slander.

See e.g., *Kidd v. Horry (C. C.) 28 F. 773; Baltimore Car-Wheel Co. v. Bemis (C. C.)*

---

[5] See resume; http://www.law.uci.edu/faculty/full-time/chemerinsky/chemerinskyCV.pdf

*29 F. 95; Citizens' Light, Heat & Power Co. v. Montgomery Light & Water Power Co. (C. C.) 171 F. 553; Montgomery Ward & Co. v. South Dakota Retail Merchants' & Hardware Dealers' Association (C. C.) 150 F. 413;*

*Francis v. Flinn, 118 U. S. 385, 6 S. Ct. 1148, 30 L. Ed. 165; Chamber of Commerce v. Federal Trade Commission (C. C. A.) 13 F. (2d) 673.*

In *Citizens' Light, Heat & Power Co. v. Montgomery Light & Water Power Co.,* for example, the court refused to enjoin a libel and stated: ***"Defendant has a right to have the truth or falsity of the issue determined by a <u>jury trial</u> as at <u>common law</u>. That it <u>cannot</u> get in a <u>court of equity</u>…etc***.*"*

**AAA and FAA**

Referencing CR, page 9, Appellees refer to FAA rules in relation to disputing the AAA award and in particular, points (2) arbitrator impartiality, (3) arbitrator misconduct and (4) exceeding the arbitrator's jurisdiction, all apply in this case.

The Appellees are aware the Notice of Appeal to both the AAA and the lower court by Browserweb (see CR, *Exhibit K, pages 317-321 (to AAA) and  pages 367-372*), which cited the issues above.

Maxus claims the FAA governs the dispute, however, "federal procedure does not apply in Texas courts, even when Texas courts apply the [FAA]." *Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).*

The Appellant would contend that is the only reason Appellees backed down on this part of the award as entered by the lower court. It shows that the AAA award is, in reality, unenforceable in its entirety due to bias and its unconstitutional ORDER(s).

**Standard of Review**

In *Dewan v. Walia, --- F. App'x ---, 2013 WL 5781207, at *1 (4th Cir. Oct. 28, 2013),* petition for cert. filed, the Court of Appeals for the Fourth Circuit vacated an arbitration award that it found to be "the product of a manifest disregard of the law by the [a]rbitrator."

Although judicial review of arbitration awards is limited . . . an award will be vacated when the arbitrator making the award "so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]; see *Papapietro v Pollack & Kotler, [*2]9 AD3d 419, 420).* An award

will be vacated as indefinite or nonfinal for purposes of CPLR 7511 if it does not "dispose of a particular issue raised by the parties" (*Hamilton Partners Limited v Singer, 290 AD2d 316, 316; see Papapietro v Pollack & Kotler, 9 AD3d at 419-420*), or " if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy'" (Matter of *Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko, 112 AD3d 840, 841, quoting Matter of Meisels v Uhr, 79 NY2d 526, 536*).

4th Cir.: "Manifest Disregard of the Law" Grounds for Vacating Award

In *Wachovia Securities, LLC v. Brand, 671 F.3d 472 (4th Cir. 2012),* the Fourth Circuit held that an arbitration award may be vacated if it was made in "manifest disregard of the law." The decision widens a circuit split on this issue.

Through Wachovia, the Fourth Circuit has now joined the First, Second, Sixth, Ninth, and Tenth Circuits, each of which continues to treat the "manifest disregard" standard as a viable basis to overturn an arbitration award.

*Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 124 (1st Cir. 2008); T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 340 (2d Cir. 2010); Coffee Beanery, Ltd. v. WW, L.L.C., 300 Fed. Appx. 415, 419 (6th Cir. 2008);*

*Comedy Club, Inc. v. Improv West Assocs.,* 553 F.3d 1277, 1290 (9th Cir. 2009); *Abbott v. Law Office of Patrick J. Mulligan,* 440 Fed. Appx. 612, 620 (10th Cir. 2011).

Arbitrator McConn's decisions and processes throughout the whole Arbitration proceedings were totally controversial, imperfectly executed and unconstitutional but he even refused to amend his Order, when asked by opposing counsel. *(See CR Exhibits L & M)*

Browserweb is now respectfully in the First Court of Appeals seeking justice. The reason for this appeal is detailed in this Brief and provides the Appellants arguments and case law as to why this Court should overturn the lower Courts ruling.

## ISSUES PRESENTED

There are many issues to present and these are detailed in the Statement of the Case as well as the Facts and Arguments included in this brief. The main issue is the Citation, which is completely absent from the Clerk's Record. It would appear the lower court is relying on Browserweb's rejection filing (see *CR pages 371-372*). There is no record on the lower courts website either about the recording of the Citation as "served" on 8th November, 2014 (See *Exhibit 501*).

There are numerous legal arguments that confirm this law suit should fail as indexed with relevant case law in the Facts and Arguments below.

The lower court had no jurisdiction to rule in this case, which is a Constitutional requirement under Texas Law and yet the Court continued with an unlawful hearing whereupon a summary judgment was granted against the Appellant.

## STATEMENT OF FACTS & ARGUMENT

**Common Law and the UCC**

Under Common Law, the lower court violated Appellants right under the Uniform Commercial Code. Appellant can, under the UCC reserve his rights under Common Law. Appellant has exercised the remedy, and the Court must construe this statute in harmony with the Common Law.

The lower court has made a judicial determination that sections 1-308 (old 1-207) and 1-103 of the Uniform Commercial Code, which is the system of law the Courts are operating under, are not valid law.

Without Prejudice **UCC 1-308** was indicated on the Citation by the Appellant e.g.

**"*I reserve my right not to be compelled to perform under any contract, commercial agreement or bankruptcy that I did not enter knowingly, voluntarily, and intentionally. And furthermore, I do not and will not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement or bankruptcy.*"**

The Court should acknowledge this means that the Appellant is aware of the rules of the lower Court. Appellant complied with the three day timeline **(72 hours)** to reject the Court's offer to contract (see Court Filing by Appellant accepted on 20th January 2015 by this Court). The matter should have been at an end.

**The Errors**

For decades, Texas courts have followed without serious reconsideration the doctrine that virtually any deviation from the legal and procedural requirements of service of citation will destroy a default judgment where the defendant has made no appearance. In this case the Appellant did not attend the Court, as to do so would give the Court jurisdiction.

*Wilson v.Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Williams v. Williams, 150 S.W.3d 436, 443 (Tex. App.—Austin 2004, pet. denied); Pete Singh Produce. Inc. v. Macias, 608 S.W.2d 822, 823(Tex. Civ. App.—El Paso 1980, no writ).*

If strict compliance to the rules of civil procedure regarding service is not shown, the service of process is invalid and of no effect. *Williams, 150 S.W.3d at 443*.

With a default judgment, there are no presumptions in favor of valid issuance, service, or return of citation. *McKanna v. Edgar, 388 S.W.2d 927, 928-29 (Tex. 1965); GMR Gymnastics Sales, Inc. v. Walz, 117 S.W.3d*

*57, 59 (Tex. App.—Fort Worth 2003, pet. denied);De La Fuente v. Castillo, 740 S.W.2d 113, 114 (Tex. App.—San Antonio 1987, writ denied).*

All necessary facts must be stated in the return with nothing left to inference. The return, taken together with the citation on which it is endorsed, cannot depend upon extraneous facts to make it intelligible. *5 R. McDonald, Texas Civil Practice § 27:53 (1992).*

Thus, the record must affirmatively show strict compliance with the Rules of Civil Procedure or applicable statute; otherwise, the attempted service of process is invalid. *Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1984) (per curiam).*

In the Appellees last Motion to Dismiss, Appellee referred to the Clerk's Record:

*"Browserweb's explanation is also unreasonable because the missing documents Browserweb contends it needed to file its appeal—namely, Browserweb's return of the citation serving Maxus's Petition to Confirm Arbitration Award in Part—are already in the Clerk's Record (pages 371*

*and 372)."*

This is included in the Clerk's record but it is only Browserweb's rejection of the service and hence not a valid Return as required by TEX. R. CIV. P. 107. What should be on file is the Sheriff Officer's return showing the Citation correctly executed and signed etc. Case law confirms, even actual notice, receipt of the suit papers, or knowledge otherwise obtained of the pending suit without proper service will not overcome this requirement and place the defendant under any duty to act.

*Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S.W. 863, 865 (1889);* see also *Hubicki v. Festina, 226 S.W.2d 405, 408 (Tex. 2007)* (in the absence of proper service, actual notice will not support a default judgment);

*Seeley v. KCI USA, Inc., 100 S.W.3d 276, 277-78 (Tex. App.—San Antonio 2002); Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990)* (defendant's knowledge of suit and actual receipt of suit papers not sufficient to invoke jurisdiction to render default judgment).

In short, absent strict compliance with the rules regarding service of

citation, service is invalid and the default judgment is void.

*Uvalde Country Club, 690 S.W.2d at 885;* see also *Eggert v. Gaitan, No. 11-06-00117-CV, 2007 WL 2505630, at \*1-2 (Tex. App.—Eastland Sept. 6, 2007, pet. denied).*

Jurisdiction is dependent upon citation issued and served in the manner provided for by law. *Wilson at 836.* Accordingly, in a default judgment case the record must affirmatively show that the trial court had in personam jurisdiction over the defendant. *Whitney v. L. & L. RealtyCorp., 500 S.W.2d 94, 95 (Tex. 1973).*

A default judgment not supported by proper service is void because the trial court has not acquired in personam jurisdiction over the defendant. The lower Court did not have jurisdiction in this case.

*Westcliffe, Inc. v. Bear Creek Constr., Ltd., 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.); Pharmakinetics Laboratories, Inc. v. Katz, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ).*

It is also important to note that the issue of defective service may be raised for the first time on appeal. *All Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723, 725 (Tex. App.—Fort Worth 2003, no pet.).*

**Defects in Service**

Under TEX. R. CIV. P. 107, the return must state the citation was served, describe the manner of service, and be signed by the officer officially or by the authorized person. Any return by an authorized person must also be verified.

*Armendariz v. Barragan, 143 S.W.3d 853, 856 (Tex. App.—El Paso 2004, no pet.)* (reversing default judgment because return of citation was not verified)*; Fazio v. Newman, 113 S.W.3d 747, 749 (Tex. App.—Eastland 2003, pet. denied); Carmona v. Bunzi Dist., 76 S.W.3d 566, 569 (Tex. App.—Corpus Christi 2002, no pet.).*

The exact manner of service should be stated in the return, and it should show affirmatively strict compliance with the governing rules or statutes. *Exposition Apartments Co. v. Barba, 630 S.W.2d 462, 464 (Tex. App.—Austin 1982, no writ).*

**Defective Citation**

The following are cases where the courts have held that service was ineffective because of defects in the citation:

*Seib v. Bekker, 964 S.W.2d 25, 28 (Tex. App.—Tyler 1997, no pet.)* (citation was defective due to lack of verification).

*Faggett v. Hargrove, 921 S.W.2d 274, 277-78 (Tex. App.—Houston [1st Dist.] 1995, no writ)* (citation listed wrong name for defendant and return did not state that person served was over 16).

Service of citation cannot be amended after an appeal is perfected. *Zaragoza v. De La Paz Morales, 616 S.W.2d 295, 296 (Tex. Civ. App.— Eastland 1981, writ ref'd n.r.e.).*

**Defective Return**

In this case, there is no return of service on file per the Clerk's Record. For clarification and the avoidance of doubt, the Appellant picked up a bundle of papers that were left at his residence's front door at some point

over that weekend. Apparently there had been a Sheriff Officer at the residence trying to serve but as the Appellant was not at home, that person left the papers open and on the ground at the front door.

The Appellant, aware of the 72 hour return requirement rejecting the offer to Contract, took these papers to a Notary Public in Kingwood on Monday morning.

He paid the fee for the Notary to watch him invoke his common law rights as per UCC 1-308. This is the only document filed by the Clerk, pages 371-372 of the Clerk's Record. Hence, without a valid Return or Citation on file, this service is defective and the default judgment should be set aside per Texas law.

The return of service must be on file for at least ten days before a default can be taken. There is no official return of service on file, there is only Appellants rejection of service on file so the following cases also apply.

To reiterate, in this case no service was ever successfully rendered and reliance on Appellant's response, rejecting the offer to contract is not

proper service in any form;

Prematurely taking a default judgment before the requisite time period has elapsed can also be grounds for reversal. *See Livanos v. Livanos, 333 S.W.3d 868, 875 (Tex. App.—Houston [14th Dist.] 2010, no pet.)* (finding default judgment void when process server filed return of service on the same day as the trial court rendered the default judgment); see also *Webb v. Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64 (Tex. App.— Amarillo 1992, no writ)* (default judgment was void where record did not show return of service on file for ten days before default taken);

*HB & WM, Inc. v. Smith, 802 S.W.2d 279, 281 (Tex. App.—San Antonio 1990, no writ)* (default judgment void where no strict compliance with Rule 107); *Gerdes v. Marion State Bank, 774 S.W.2d 63, 65-66 (Tex. App.—San Antonio 1989, writ denied)* (recognizing that the "ten day rule has been part of our jurisprudence for decades"); *Gentry v. Gentry, 550 S.W.2d 167 (Tex. Civ. App.—Austin 1977, no writ)* (reversing default judgment where return of service filed same day as default judgment was rendered).

The following are cases where courts have held that defects in the return

of service rendered the attempted service invalid: *Hubicki v. Festina, 226 S.W.3d 405, 408 (Tex. 2007)* (plaintiff failed to provide return receipt with defendant's signature).

*Inv. Ideas, Inc. v. Ellkay, LLC, No. 13-10-208-CV, 2010 WL 4657953, at *2-3(Tex. App.—Corpus Christi-Edinburg Nov. 18, 2010, no pet.)* (unverified return of service did not comply with TEX. R. CIV. P. 107).

Appellant has not seen any document from the lower Court and the Clerk's record does not show the serving officer's return, which was part of the Appellant's request for Production of Missing Documents made to this

Court (denied). See *Shamrock Oil Co. v. Gulf Coast Natural Gas, Inc., 68 S.W.3d 737, 739 (Tex. App.—Houston [14th Dist. 2001, pet. denied)* (failure by the serving officer to fill in a blank on the pre-printed service form to show which petition was served).

*Webb v. Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64 (Tex. App.—Amarillo 1992, no writ)* (return was not completed or signed by the officer and return receipt was not signed by the defendant); see also *Ramirez v. Consolidated HGM Corp., 124 S.W.3d 914, 916 (Tex. App.—*

*Amarillo 2004, no pet.).*

**Error on the Face of the Record**

The Clerk's Record is incomplete and without required paperwork and documentation, E.g. executed Citation.

The face of the record includes all papers on file in the appeal, including the statement of facts. See *Ins. Co. of State of Pa. v. Lejeune, 297 S.W.3d 254, 255-56 (Tex. 2009)* (holding the default judgment could not stand because the record showed return of citation did not notate the hour of receipt); *World Envtl., L.L.C. v. Wolfpack Envtl., L.L.C., No. 01-08-00561, 2009 WL 618697, at *2-3 (Tex. App.—Houston [1st Dist.] Mar. 12, 2009, no pet.)* (reversal of default judgment justified by absence of any proof of service in the record on appeal); *Mansell v. Ins. Co. of the West, 203 S.W.3d 499, 501-02 (Tex. App.— Houston [14th Dist.] 2006, no pet.)* (improper petition filing date on citation established error on the face of the record);

**Want of Jurisdiction**

A plea to the jurisdiction is a challenge to a court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.*

*2000).*

Whether a trial court possesses jurisdiction is a question of law, see *City of Houston v. Williams, No. 09-0770, 2011 WL 923980, at \*3 (Tex. Mar. 18, 2011); Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004).*

*City of Mont Belvieu v. Enter. Prod. Operating, LP, 222 S.W.3d 515, 518 (Tex. App.—Houston [14th Dist.] 2007, no pet.); Mulvey v. Mobil Producing Tex. & N.M., Inc., 147 S.W.3d 594, 600 (Tex. App.—Corpus Christi 2004, pet. denied); Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.).*

**Lack of Standing**

To bring an action in Texas, a party must have standing. E.g., *DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304 (Tex. 2008)*

Standing is a component of subject-matter jurisdiction[6]. *Douglas v. Delp, 987 S.W.2d 879, 882 (Tex. 1999); OAIC Commercial Assets, L.L.C. v. Stonegate Vill.,*

---

[6] A court must have jurisdiction to enter a valid, enforceable judgment on a claim. Jurisdiction may be broken down into two categories: personal jurisdiction and subject matter jurisdiction. Subject-matter jurisdiction is the requirement that the court have power to hear the specific kind of claim that is brought to that court. The parties may not waive subject-matter jurisdiction. In fact, the court may dismiss the case sua sponte—or, on its own—for lack of subject-matter jurisdiction. See, e.g., Fed. R. Civ. Proc. 12(b)(1).

*L.P., 234 S.W.3d 726, 735 (Tex. App.-Dallas 2007, pet. denied);* see also *DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304 (Tex. 2008)* ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it.")

Thus, standing cannot be waived, and we may examine standing sua sponte if necessary. See *OAIC, 234 S.W.3d at 735; see also Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993)* (noting that standing "may be raised for the first time on appeal by the parties or by the court").

Standing is a component of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445–46 (Tex. 1993)*; see also *DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304 (Tex. 2008)* ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it.").

If a party lacks standing to bring an action, the trial court lacks subject-matter jurisdiction to hear the case. *Tex. Ass'n of Bus., 852 S.W.2d at 444–45.*

Standing to sue may be predicated upon either statutory or common law authority. *Nauslar v. Coors Brewing Co., 170 S.W.3d 242, 252 (Tex. App.—Dallas 2005, no pet.); see Williams v. Lara, 52 S.W.3d 171, 178–79 (Tex. 2001).* The common law

standing rules apply except when standing is statutorily conferred. *SCI Tex. Funeral Servs., Inc. v. Hijar, 214 S.W.3d 148, 153 (Tex. App.—El Paso 2007, pet. denied).*

What the lower court decided to do after this notice was filed by the Appellant and accepted by the Clerk of Court, and what meetings and hearings were held subsequently, are totally irrelevant to the case presented on Appeal before this court. The hearing and subsequent judgment is void for want of jurisdiction and standing as defined above.

**The Default Judgment is Void**

It is also an error for a trial court to grant a default judgment if a defendant has an answer on file.

In fact, a default judgment granted when an answer has already been filed is void. See *Jefferies v. Davis, 759 S.W.2d 6, 7 (Tex. App.—Corpus Christi 1988), leave granted, mand. denied,, Davis v. Jefferies, 764 S.W.2d 559 (Tex. 1989).*

## PRAYER

For the aforementioned reasons, Defendant requests set aside of the default judgment entered against him and / or Browserweb Media Agency and requests that the Service of the Summons be set aside for lack of jurisdiction, and further relief, at law or in equity, to which Appellant may be justly entitled.

## Declaration

My name is Mark Stephen Burke, my date of birth is June 20th, 1967, my address is 46, Kingwood Greens Dr, Kingwood, TX 77339, USA and I declare under penalty of perjury that the foregoing is true and correct.[1]

---

[1] Sec. 132.001. UNSWORN DECLARATION. (a) Except as provided by Subsection (b), an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

Respectfully Submitted,
On this day, 4th May, 2015

Mark Burke
Browserweb Media Agency
46 Kingwood Greens Dr
Kingwood, Texas 77339
Telephone: (832) 654-3511
Facsimile: (866) 705-0576
Email: mark@browserweb.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been provided to the following via electronic mail on this 4th day of May, 2015:

GIBBS & BRUNS, L.L.P.
J. Benjamin Bireley
1100 Louisiana, Suite 5300
Houston, Texas 77002
Email: bbireley@gibbsbruns.com

**WORD COUNT CERTIFICATE OF COMPLIANCE**

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Appellants Brief contains 6,600 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

**EXHIBIT 501**



i4dgwrQhLwDSkyX8DFXZl4v+k89nG6fyOGpSR9PinTye19wqPMda9EWdeFeoyODA/ZAK4HfxauWl3jAdJi7q51melaIE=

201463727 - MAXUS ENERGY CORPORATION vs. BROWSERWEB MEDIA AGENCY (Court 011)

Chronological History (non-financial) | Print All

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

Print Service

Services | Notices

Click column headings to sort. Click again to toggle direction.

| Type | Status Description | Instrument Served | Person Served | Requested Date | Issued Date | Served Date | Returned Date | Received By Clerk | Tracking Number | Deliver To |
|------|-------------------|-------------------|---------------|----------------|-------------|-------------|---------------|-------------------|-----------------|------------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | BROWSERWEB MEDIA AGENCY BY SERVING MARK BURKE | 10/29/2014 | 11/5/2014 | 11/8/2014 | | | 73074771 | CIV AGCY-CIVILIAN SERVICE AGENCY |